439 A.2d 127

**COMMONWEALTH of Pennsylvania**

v.

**Reginald McNEIL, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1980.

Filed Dec. 4, 1981.

Petition for Allowance of Appeal Denied March 18, 1982.

Arnold L. New, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, BROSKY and VAN der VOORT, JJ.

BROSKY, Judge:

Appellant was charged with the crimes of rape, recklessly endangering another person, terroristic threats, indecent assault, indecent exposure, unlawful restraint, kidnapping and possessing instruments of crime, as well as violations of the Uniform Firearms Act. On April 16, 1979, he pleaded guilty to rape, terroristic threats and carrying firearms on a public street. The remaining charges were nolle prossed. No post-verdict motions were filed.

Thereafter, appellant was sentenced on June 19, 1971 to a term of imprisonment of five to ten years for rape and two to four years on the firearms charge, to run concurrently. Sentence on the terroristic threats charge was suspended. At the close of the sentencing hearing, Mr. Smith, appellant's public defender, stated in open court to appellant, in regard to his post-trial warnings, "If you wish to appeal, you must do so within 30 days of today's date on only the grounds that have already been explained to you during the colloquy on the guilty plea."

Appellant was not told that before he could take an appeal from any sentence imposed, it would first be necessary to file a petition to withdraw the plea in accordance with Pa.R.Crim.P. 321. Three days later, on June 22, appellant was brought back before the sentencing judge who informed him in detail of the requirement that he first file written motions, within ten days, challenging the validity of the plea, the legality and propriety of the sentence, and whether the plea was entered voluntarily and intelligently. Appellant was told that he had until July 3, 1979 to file the motions. No motions were filed in accordance with Pa.R. Crim.P. 321. On July 17, 1981, notice of appeal to our court from the judgment of sentence was filed by appellant pro se.[1] On September 20, 1979, the lower court filed an opinion which held that appellant had waived his right to appeal to our court by failing to file a motion with the lower court challenging the validity of the guilty plea.

In his brief, appellant argues that his public defender was ineffective for allowing the guilty plea to proceed, on the ground that appellant had stated that he had no knowledge of the incident[2] and therefore, the guilty plea may not have been voluntary. Appellant also contends that his counsel was ineffective for not correctly informing him of his obligation to first file a petition to withdraw his plea within ten days before perfecting an appeal to the Superior Court.

To begin with, we note that appellant is simply disguising a challenge to the voluntariness of his guilty plea by phrasing it in the language of an ineffectiveness claim. By so doing, appellant apparently hopes to circumvent the fact of his failure to file a petition to withdraw the plea within the requisite ten day period. However, the record clearly shows that appellant was apprised of his appellate rights, including the obligation to file motions attacking the validity of the guilty plea within ten days, both at the time of the initial

1. On November 1, 1979, new counsel was appointed to represent appellant.

2. Appellant asserts that he "blacked-out" during the period of time in which the offense was committed.

guilty plea colloquy, and at the special colloquy three days after sentencing. At the time the guilty plea was entered, the following colloquy took place:

THE COURT: But when you give up your right to a trial and you plead guilty, you can appeal to a high court on only three very narrow grounds, and those grounds are the right of the court to try you . . . the legality of the sentence . . . [and] whether or not your plea was entered into voluntarily, understandingly, with a full knowledge of the rights you were giving up and whether there was any force or threats, whether you actually entered this plea of guilty voluntarily and of your own free will. Do you understand that?

A. Yes, ma'am.

Q. I want to tell you further that if you wish to take an appeal from any sentences imposed as a result of your plea, it would be necessary for you to first file a petition to withdraw your plea before me, setting forth your reason for withdrawal of the plea, and there is no assurance that your petition would be granted.

A. Yes, ma'am.

Q. Do yo·: understand that?

A. Yes, ma'am.

Q. I must also make clear to you that I will accept your plea of guilty only if you assure me this morning that your plea is made by you of your own free will. Now, is your plea of guilty being entered of your own free choice and free will?

A. Yes, ma'am.

Later in the proceeding, the following exchange took place:

BY THE COURT:

Q. If you wish to withdraw your guilty plea which I am going to take today, I am going to defer sentence to give you an opportunity. I am going to defer sentence for two reasons. One is that I must have a presentence investigation and a psychiatric evaluation, but I am also going to defer sentence to give you an opportunity to withdraw

your plea, and if you wish to do so, you must do so within ten days, and that petition to withdraw the plea must be in writing to this Court before you are sentenced. Is that quite clear to you?

A. Yes, ma'am.

Q. You must file this petition before you are sentenced or you will no longer be able to withdraw your plea. You are entitled to a lawyer if you wish to withdraw your plea, and, of course, Mr. Smith of the Defender's Office would continue to represent you if you cannot afford a lawyer. Is that clear?

A. Yes, ma'am.

Q. Do you wish to withdraw your plea?

A. No, ma'am.

Appellant was again informed of his obligation to file motions attacking the validity of his guilty plea within ten days, when he was brought back before the court on June 22 for the express purpose of being so informed. At that time, the following exchange occurred:

THE COURT: Mr. Smith, who represented you at the time of sentencing, was asked to give you your post-sentencing warnings, and instead of telling you what I am going to tell you now, he told you that you had 30 days to appeal to the Superior Court with respect to the sentence or any question as to the validity of your plea. That was not correct. Actually, when you plead guilty and the court accepts the plea and sentences you, you have an absolute right to appeal to the Superior Court. However, before you are permitted to do so or to file that appeal, you must first present written motions in writing before me challenging the validity of the plea, including the right of this Court to try you, the legality and the propriety of the sentence which I have imposed, and whether you entered your plea voluntarily, intelligently, and of your own free will. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Such a motion must be filed within ten days from today, and only those grounds which are con-

tained in that motion or those motions will be available to you if you wish to appeal to the Superior Court of Pennsylvania. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And that would be so unless those particular grounds did not exist within the ten-day period. Do you understand that if you do not file these motions within ten days from today, you will be giving up the right to raise these grounds on appeal?

THE DEFENDANT: Yes, Your Honor.

THE COURT: In effect, as a result of that, if you don't file them within ten days, you will be giving up your right to appeal to the higher court. Is that clear to you?

THE DEFENDANT: Yes, Your Honor.

THE COURT: If you file those motions to withdraw your plea or challenging the validity of the plea and this Court should rule adversely to you or deny your motions, then you must file your appeal to the Superior Court within 30 days from the date of the denial. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you understand that you are entitled to counsel who would file the appeal on your behalf and would file these motions on your behalf?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you have any questions about your guilty plea, the sentence, your right to counsel, *and the right to challenge the validity or propriety of your guilty plea*?

THE DEFENDANT: Yes.

THE COURT: What is your question?

THE DEFENDANT: About the time.

THE COURT: *It must be filed within ten days from today. It would have to be in writing before me by Tuesday, July 3.* (Emphasis added.)

■ It is well settled that our appellate courts will not consider challenges to guilty pleas which are raised for the

first time on appeal. As we stated in *Commonwealth v. Dowling*, 482 Pa. 608, 609, 394 A.2d 488, 489 (1978),

> Our cases have iterated and reiterated that the proper procedure by which to attack a guilty plea is to file in the trial court which accepted the plea a petition to withdraw it. [Citations omitted.]

See Pa.R.Crim.P. 321,[3] Pa.R.A.P. 302.

■ It is clear from the record here that appellant was sufficiently informed by the court of his obligation to challenge the plea within ten days. Therefore, his claim that his counsel was ineffective for failing to so inform him lacks merit. In addition, we are convinced by our review of the record that appellant understood the court's warnings. As the lower court noted, appellant completed the eleventh grade and understands the English language, and was not under the influence of drugs or intoxicants at the time he was so advised. Nor was he suffering from any "black-out" episodes.[4]

Therefore, we hold that appellant waived the right to have his appeal considered by our court. We find that the lower court judge took every possible step to ensure that appellant's appellate rights were protected, in two lengthy colloquies. Furthermore, appellant, who was given the opportunity by the court to ask questions concerning his rights, asked about the time period for filing motions pursuant to Pa.R.Crim.P. 321, indicating that he understood the substance of what was said to him but wanted to make sure of the time period.

Accordingly, we affirm the sentence imposed by the court below.

SPAETH, J., files a dissenting opinion.

3. As the Comment to Pa.R.Crim.P. 321 indicates, the rationale for the rule is to give the trial court the first opportunity to correct any error asserted and to provide a full record for the appellate court if necessary.

4. See footnote 2, infra.

SPAETH, Judge, dissenting:

I agree with the majority that a party challenging a guilty plea on appeal must ordinarily file a motion to withdraw the plea in the court in which it was entered. *Commonwealth v. Dowling*, 482 Pa. 608, 394 A.2d 488 (1978); *Commonwealth v. Lee*, 460 Pa. 324, 333 A.2d 749 (1975). However, it is settled that appellate review of a challenge to a guilty plea will be afforded where, as here, the challenge is that counsel's ineffectiveness contributed to entry of the plea. *Commonwealth v. Unger*, 494 Pa. 592, 432 A.2d 146 (1980); *Commonwealth v. Ford*, 484 Pa. 163, 398 A.2d 995 (1979); *Commonwealth v. Ray*, 483 Pa. 377, 396 A.2d 1218 (1979); *Commonwealth v. Weiss*, 289 Pa.Superior Ct. 9, 432 A.2d 1020 (1981).

Appellant argues that he entered his guilty plea because his counsel failed to recognize and advise him that he should not plead guilty because he properly could not. Specifically, appellant argues that his counsel knew that he had a history of black-outs, had blacked out at the time of the rape, and was therefore unable to recall anything about the incident, but that nevertheless, counsel did not recognize and advise him that he could not properly plead guilty because he could not admit to committing a crime that he had no recollection of committing.

The Commonwealth responds that "[e]ven if [appellant] genuinely could not recall raping Ms. King, . . . this would not automatically invalidate his guilty plea" because, where there is overwhelming evidence of guilt, an accused may intelligently and voluntarily decide that even though he cannot recall the incident, he may as well plead guilty. Brief for Commonwealth at 4, citing *Commonwealth v. Cottrell*, 433 Pa. 177, 249 A.2d 294 (1969). Here, the Commonwealth says, the evidence of appellant's guilt was overwhelming. *Id.* at 4–5. The difficulty with this response is that the record does not show that appellant did decide that he might as well plead guilty, even though he could not recall the incident, because the evidence was so overwhelming. Nowhere in the colloquy does appellant say he had

made such a decision, nor does his counsel say so. There are only some general, conclusory statements. For example, appellant responded in the affirmative when asked by the court, "Are you satisfied that he [appellant's counsel] knows all the facts of your case and has had sufficient time to look into any questions either you or he may have about the case?" N.T. 4/16/79, 10. Also, counsel told the court, "It is my opinion that [appellant] understands what he is charged with and what the nature of the changes are, and I have been able to discuss the case with him." N.T. 4/16/79, 11. The fact that appellant was "satisfied" that counsel had properly advised him does not reveal what advice counsel gave, and neither does counsel's statement that he had "been able to discuss the case" with appellant. *Commonwealth v. Unger*, 494 Pa. 592, 596, 432 A.2d 146, 147 (1980) ("The client cannot be expected to understand the significance of facts which may constitute a defense.").

Appellant further argues that counsel was ineffective in failing to recognize and advise him that his black-outs indicated a mental condition such as might afford a defense to the charge. Appellant's Brief at 8 n.2. If indeed at the time of this incident appellant did not know what he was doing, a defense of not guilty by reason of insanity might have been available. The record, however, does not show the counsel discussed this possibility with appellant before permitting him to plead guilty.

The majority characterizes appellant's arguments as "simply disguising a challenge to the voluntariness of his guilty plea by phrasing it in the language of an ineffectiveness claim." Majority op. at 128. I can find no basis for this statement. Of course, it may in fact be correct, but that does not appear from the record. To the contrary, the record suggests that there may be substance to appellant's assertion that counsel did not advise him as fully as required to enable him to enter an intelligent and voluntary guilty plea. The record indicates that as a child, appellant attended a "retarded educable" school, and that he has suffered black-outs since the age of 12. N.T. 6/19/79, 2–3. Appellant apparently received psychiatric treatment for these

black-outs as an outpatient at a mental institution from 1977 to early 1978. N.T. 4/16/79, 5–7. Since this treatment, appellant testified, he has had at least one more black-out, in the summer of 1978. N.T. 4/16/79, 7. At sentencing, appellant said, "I don't remember pointing no gun at no one," "I didn't know what I was doing," and "I ain't knowed what I was doing at that time." N.T. 6/19/79, 6, 18, 21.

Certainly appellant's disclaimers of knowledge are transparently self-serving, and I am as skeptical of them as the majority. At this stage of the case, however, skepticism is irrelevant. The only issue before us is not whether appellant's claim of ineffective counsel is meritorious, but whether it is arguable. Sometimes the record will demonstrate that such a claim is not arguable, but that is not so here, and when it is not so, the case should be remanded for an evidentiary hearing, at which the lower court may determine what in fact counsel did tell the accused, and why, and whether that advice represented effective assistance of counsel. *Commonwealth v. Connolly*, 478 Pa. 117, 385 A.2d 1342 (1978); *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975); *Commonwealth v. McCartan*, 280 Pa.Superior Ct. 531, 421 A.2d 849 (1980); *Commonwealth v. Jackson*, 267 Pa.Superior Ct. 63, 405 A.2d 1304 (1979).

I should remand for an evidentiary hearing on the alleged ineffectiveness of counsel.