941 F.2d 246
 Harold Lee HANKINS, Appellant,
v.
Thomas FULCOMER, Superintendent, the Attorney General of the
State of Pennsylvania, Common Pleas of Crawford
County, District Attorney of Crawford County.
 No. 90-3766.
 United States Court of Appeals,
Third Circuit.
 Submitted June 25, 1991.
Decided Aug. 13, 1991.
 
 Thomas S. White, Office of Federal Public Defender, Pittsburgh, Pa., for appellant.
 Narcy L. Hughes, Office of Dist. Atty., Meadville, Pa., for appellee Dist. Atty. of Crawford County.
 Before MANSMANN and SCIRICA, Circuit Judges and POLLAK, District Judge*.
 OPINION OF THE COURT
 SCIRICA, Circuit Judge.
 
 
 1
 Harold Lee Hankins, a state prisoner, appeals from the dismissal of his petition for a writ of habeas corpus. The district court, adopting the Report and Recommendation of the magistrate judge, dismissed the petition for failure to exhaust state remedies. Hankins contends that the district court erred by failing to find inordinate delay in state proceedings, which would excuse a lack of exhaustion.
 
 
 2
 We hold that the nearly eleven-year delay by the Court of Common Pleas of Crawford County, Pennsylvania in deciding Hankins' post-sentencing motion for withdrawal of guilty plea is inordinate and rendered the state process ineffective to protect Hankins' rights. Consequently, we will reverse the judgment of the district court and remand for consideration of the merits of Hankins' constitutional claims.
 
 I.
 
 3
 In May of 1980 Hankins entered a plea of guilty to robbery in the Court of Common Pleas of Crawford County, Pennsylvania. Hankins subsequently received a sentence of ten to twenty years imprisonment.[1] The court-appointed attorney for Hankins filed timely motions for reconsideration of sentence and withdrawal of guilty plea. Argument on the two motions occurred on July 9, 1980 and the motion for reconsideration of sentence was denied on July 18, 1980. The motion for withdrawal of guilty plea has never been decided by the Crawford County Court of Common Pleas.
 
 
 4
 The court held a second hearing on the motion in August, 1980, after which the first court-appointed attorney withdrew.[2] A second attorney was soon appointed, but withdrew after eight days. The court appointed a third attorney who filed amended petitions for withdrawal of guilty plea in both October and December of 1980. A hearing on the final amended petition was held on December 18 and 19, 1980, but resulted in no disposition by the court.
 
 
 5
 Several additional actions relating to Hankins' motion for withdrawal of guilty plea occurred between 1980 and 1985, during which time the court still failed to issue a decision. The third court-appointed attorney withdrew early in 1981. Another attorney was not appointed for almost one year. That attorney, the fourth for Hankins, requested transcripts of the 1980 hearings in August, 1982 and filed a motion for disposition in February, 1985. This motion stated that all the relevant evidence was before the court and asked the court to decide Hankins' motion for withdrawal of guilty plea.
 
 
 6
 Hankins himself wrote letters to and filed pro se petitions with the court, requesting information and transcripts. In November, 1984 the court instructed Hankins to channel all future correspondence and requests through his attorney. According to the record, Hankins has been represented by the fourth court-appointed attorney from 1982 to the present time.
 
 
 7
 Hankins pursued his motion for withdrawal of guilty plea only in the Crawford County Court of Common Pleas and did not seek relief from the state appellate courts to resolve the delay in deciding this motion. Hankins then sought federal relief through three petitions for a writ of habeas corpus, including this case. The record of these federal cases is confusing. Between 1984 and 1986, Hankins pursued pro se a federal petition for writ of habeas corpus on a state conviction unrelated to this case. Hankins filed two additional pro se habeas petitions, one in 1985[3] and the other for this case filed in 1990. The 1985 petition and this case are nearly identical, both involving the issue of delayed disposition of the July, 1980 motion for withdrawal of guilty plea. The district court dismissed the 1985 petition, after concluding (we think incorrectly) that it involved the same state conviction as the 1984 habeas petition. The memorandum order dismissing the 1985 petition is difficult to understand and we believe mistakenly draws the conclusion that the issues raised in that petition were remedied by the court's disposition of Hankins' 1984 habeas case.[4] Hankins did not appeal this judgment. In 1985 and 1986 Hankins appealed the disposition of the 1984 habeas petition to the United States Court of Appeals for the Third Circuit and the United States Supreme Court. There is no indication in the record that Hankins or his court-appointed attorney took any action during the period of 1986 through 1989 in relation to his July, 1980 motion for withdrawal of guilty plea.
 
 
 8
 On February 26, 1990, Hankins filed this pro se petition for a writ of habeas corpus, his second federal habeas petition involving the July, 1980 motion for withdrawal of guilty plea. Hankins recites several grounds for relief. First, he asserts that the nearly eleven year delay by the Crawford County Court in deciding his motion for withdrawal of guilty plea violated his rights to due process, access to the courts, and a speedy trial. Second, he asserts a violation of the right to effective assistance of counsel. He argues that counsel did not properly advise him of his right against unreasonable search and seizure in connection with his arrest. Hankins also claims his counsel misrepresented that a plea bargain had taken place, thereby inducing his plea of guilty.[5] Finally, Hankins asserts a violation of due process because the court failed to advise him of the right to withdraw his guilty plea prior to sentencing.
 
 
 9
 After reviewing Hankins' petition for writ of habeas corpus, the magistrate judge recommended that the petition be dismissed for failure to exhaust state remedies. The magistrate judge's report also found that Hankins had not shown inordinate delay. On October 30, 1990, the district court adopted the magistrate judge's Report and Recommendation and denied Hankins' petition. Hankins filed a timely appeal. We granted a certificate of probable cause and appointed counsel to represent Hankins on appeal.
 
 
 10
 Our standard of review is plenary, because in a federal habeas corpus proceeding the determination of whether state remedies have been exhausted and whether exhaustion should be excused involves the application and interpretation of legal precepts. Schandelmeier v. Cunningham, 819 F.2d 52, 54 (3d Cir.1986); Sullivan v. Cuyler, 723 F.2d 1077, 1082 (3d Cir.1983).
 
 II.
 
 11
 Generally, federal courts may only grant habeas corpus relief to a state prisoner if available state remedies have been exhausted. 28 U.S.C. § 2254(b) (1988). But Section 2254(b) also provides an exception to the exhaustion requirement when there is: (i) an absence of available state corrective process, or (ii) the existence of circumstances rendering such process ineffective to protect the prisoner's rights. Under these exceptional circumstances, "the exhaustion requirement of the habeas corpus statute may be excused." Schandelmeier, 819 F.2d at 54.
 
 A.
 
 12
 The requirement of exhaustion rests upon the principles of comity and judicial economy. The requirement provides state courts with an initial opportunity to consider and correct alleged violations of prisoners' rights without disruption from the federal courts. Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). The exhaustion requirement also discourages the filing of premature federal claims and provides for development of a complete factual record to aid the federal courts in any subsequent review. Id. at 518, 519, 102 S.Ct. at 1203, 1204. See also Duckworth v. Serrano, 454 U.S. 1, 4, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981).
 
 
 13
 A state prisoner has not exhausted state remedies, "if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c) (1988). This language has been construed so that exhaustion does not generally require the pursuit of extraordinary state remedies. See Castille v. Peoples, 489 U.S. 346, 350, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989) (§ 2254(c) does not "mandate recourse to state collateral review whose results have effectively been predetermined" and does not "bar from federal habeas prisoners in states whose post-conviction procedures are technically inexhaustible."). The exhaustion requirement has been accurately summarized as follows:
 
 
 14
 The doctrine of exhaustion turns on the availability of state remedies sufficient to allow petitioner to have his federal claims considered as he moves through the state system. If an appropriate remedy does not exist or its utilization is frustrated by the state system, ... [t]he deference accorded the state judicial process must give way to the primary role of the federal courts to redress constitutional deprivations.
 
 
 15
 United States ex rel. Hankins v. Wicker, 582 F.Supp. 180, 182 (W.D.Pa.1984), aff'd, 782 F.2d 1028 (3d Cir.1986), cert. denied, 479 U.S. 831, 107 S.Ct. 118, 93 L.Ed.2d 64 (1986).
 
 B.
 
 16
 Although the requirement of exhaustion and its underlying principles form a threshold test to federal claims for habeas relief, they are designed as an "accommodation" rather than an "insuperable barrier." Wilwording v. Swenson, 404 U.S. 249, 250, 92 S.Ct. 407, 409, 30 L.Ed.2d 418 (1971). The statutory exceptions under Section 2254(b) ensure that the exhaustion requirement is not a "mechanical formula" limiting federal jurisdiction. Codispoti v. Howard, 589 F.2d 135, 140 (3d Cir.1978) (quoting Marino v. Ragen, 332 U.S. 561, 564, 68 S.Ct. 240, 242, 92 L.Ed. 170 (1947) (Rutledge, J., concurring)). If it appears that the prisoner's rights have become an "empty shell" or that the state process is a "procedural morass" offering no hope of relief, then the federal courts may excuse the prisoner from exhausting state remedies and may directly consider the prisoner's constitutional claims. Codispoti, 589 F.2d at 140 (quoting Frank v. Mangum, 237 U.S. 309, 346, 35 S.Ct. 582, 594, 59 L.Ed. 969 (1915) (Holmes, J., dissenting) and Marino, 332 U.S. at 564, 68 S.Ct. at 242 (Rutledge, J., concurring)).
 
 
 17
 Inordinate delay in state procedures is one circumstance that can render state process ineffective to protect a prisoner's rights and therefore excuse exhaustion. Schandelmeier, 819 F.2d at 54, 55.[6] There is no single, comprehensive test for inordinate delay. But we have previously held that when a state court fails to act in spite of "ample opportunity" to decide a prisoner's claims, considerations of comity do not necessarily require dismissal for lack of exhaustion. Codispoti, 589 F.2d at 142. To cite the most frequently quoted precept of inordinate delay, "[i]t is the legal issues that are to be exhausted, not the petitioner." Burkett v. Cunningham, 826 F.2d 1208, 1218 (3d Cir.1987) (citations omitted). We have emphasized that "the exhaustion doctrine is not intended to give the states more than one full chance." Geisler, 510 F.2d at 892 (quoting Developments in the Law--Federal Habeas Corpus, 83 Harv.L.Rev. 1038 at 1096 (1970)). In addition, "the exhaustion doctrine does not require that the state courts have actually ruled on the merits of the claims, but merely that they have had those contentions presented to them." Geisler, 510 F.2d at 892.
 
 III.
 A.
 
 18
 In our consideration of this petition for writ of habeas corpus, the principle of comity weighs less heavily because the state has had ample opportunity to pass upon the matter and has failed to sufficiently explain its nearly eleven year delay. See Codispoti, 589 F.2d at 141, 142. In July of 1980, Hankins timely filed his motions for reconsideration of sentence and withdrawal of guilty plea. Hankins properly filed the two motions together, in accordance with the comment to Pennsylvania Rule of Criminal Procedure 1410. The comment to Rule 1410 instructs the court to dispose of these motions together. Although the Crawford County Court disposed of the motion for reconsideration within sixteen days of its filing, it has delayed disposition of the motion for withdrawal of guilty plea for nearly eleven years without reasonable explanation.
 
 
 19
 Several other Pennsylvania procedural rules emphasize the duty of trial courts to act promptly on post-sentencing motions for withdrawal of guilty plea. Under Pennsylvania Rule of Criminal Procedure 321(a) and the comment to Rule 320, any post-sentencing challenge to a guilty plea must be filed with the trial court within ten days of sentencing.[7] The comment to Rule 321 anticipates that "the trial court will make every effort to speedily dispose of motions under this rule." Pa.R.Crim.P. 321 comment. Pennsylvania Rule of Appellate Procedure 343 requires speedy disposition, because an appeal may not be taken before disposition by the trial court. The note to Rule 343 emphasizes that the defendant will not be held responsible for delay in disposition by the trial court; the time for filing appeal on the motion "does not begin to run until such motion is decided by the lower court." Pa.R.A.P. 343 note.
 
 
 20
 The record in this case reflects that Hankins properly pursued his rights of guilty plea withdrawal. He presented his claims to the trial court in a timely manner. Hankins may have interpreted quite literally (and we believe properly) the procedural rules requiring motions for withdrawal of guilty plea to be made in trial court and forbidding appeal before disposition by the trial court.[8]
 
 B.
 
 21
 Another potential remedy is collateral relief under the Post Conviction Relief Act (P.C.R.A.), 42 Pa.C.S. § 9541 et seq. (Supp.1988).[9] But collateral appeal under P.C.R.A. is not necessarily available for Hankins. P.C.R.A. permits motions for post-conviction collateral relief for allegations of error, including ineffective assistance of counsel, unlawfully induced guilty pleas, improper obstruction of rights to appeal by Commonwealth officials, and violation of constitutional provisions. Pa.R.Crim.P. 1502 comment. However, the comment to Pa.R.Crim.P. 1501 states that "[t]he motion for post-conviction relief under these rules is not intended to be a substitute for ... any post-trial or post-sentence motions." See, e.g., Commonwealth v. O'Neil, 393 Pa.Super. 111, 114, 573 A.2d 1112, 1114 (1990) (defendant failed to challenge guilty plea pursuant to Pa.R.Crim.P. 321, thereby waiving his right to P.C.R.A. claims of ineffective assistance of counsel). P.C.R.A. petitions are premature and will be dismissed until all post-sentence motions and direct appeals receive final disposition. Id. at 118, 573 A.2d at 1116. We cannot say that collateral relief under the P.C.R.A. is available to Hankins.[10]
 
 
 22
 We need not reach the issue today whether it is necessary to pursue mandamus in order to exhaust state remedies as a pre-condition to pursuing federal habeas corpus relief, because the inordinate delay in this case clearly warrants an exception to the exhaustion requirement. See Schandelmeier v. Cunningham, 819 F.2d 52 (3d Cir.1986).
 
 C.
 
 23
 The Crawford County Court of Common Pleas has not provided a reasonable explanation for the delay in deciding Hankins' July, 1980 motion for withdrawal of guilty plea. On June 8, 1990, when informed of Hankins' pending federal habeas petition, rather than ruling on the outstanding motion, the Crawford County Court of Common Pleas judge explained the delay by setting forth the following in a memorandum to the district court:
 
 
 24
 Defendant entered a plea of guilty on May 5, 1980 and was sentenced by the undersigned on June 20, 1980 to a minimum term of ten years and a maximum term of twenty years on that plea of guilty to robbery.
 
 
 25
 Subsequently, the defendant filed a pro se motion for leave to withdraw the plea. Counsel was appointed and a hearing was held on that motion. At some point, new court-appointed counsel was assigned to the case and on February 13, 1985, a motion was lodged with the Clerk of Courts requesting disposition of the original motion to withdraw a guilty plea. No immediate action was taken and thereafter the undersigned recalls being advised that the request to withdraw a guilty plea was being withdrawn. However, the record does not indicate any formal action of that nature. In any event, no disposition was ever made of the request to withdraw a guilty plea because of the court's understanding that the motion had been withdrawn, which was reinforced by the fact that from 1985 until the recent filing in Federal Court, we had heard nothing further concerning the case.
 
 
 26
 We believe that the court had a duty to act promptly, barring "formal action" by Hankins to withdraw his motion, under the Pennsylvania Rules of Criminal and Appellate Procedure. We also note that the Pennsylvania courts have refused to penalize defendants when trial courts fail to protect their rights for withdrawal of guilty plea.[11]
 
 
 27
 Even lengthy delay in a state court action may be insufficient to avoid dismissal of a habeas corpus petition for lack of exhaustion, when the petitioner himself is responsible for the delay. See Wojtczak, 800 F.2d at 356. In Wojtczak we concluded that a three and a half year delay could not be "laid at the feet" of the prisoner, but rather was "attributable to disinterest on the part of the court appointed counsel and to a failure on the part of the court to require them to provide minimally effective representation." Id. In this case, the record shows no action taken by Hankins or his court-appointed attorney during 1987, 1988 or 1989. Nevertheless, the Crawford County Court of Common Pleas has had ample opportunity since 1980 to issue a decision on Hankins' motion for withdrawal of guilty plea. It held hearings on this motion on four separate days in 1980. Under Pennsylvania Rules of Criminal Procedure 321(b) and 1410, the court should have disposed of this motion promptly, together with its disposition of Hankins' motion for reconsideration of sentence. The court was again asked to decide the motion in 1985, when Hankins' fourth court-appointed attorney moved for disposition. Later in that year, the court still failed to act after Hankins' first federal habeas corpus petition was dismissed.[12] And finally, the court has been given an additional sixteen months to issue a decision during the consideration and appeal of this present habeas corpus petition. The nearly eleven year delay by the court cannot be attributed to Hankins and excuses the exhaustion requirement under 28 U.S.C. § 2254(b).
 
 IV.
 
 28
 We appreciate the requirements of comity, but as we have held under similar circumstances, further deference to the state courts would be inappropriate and would deny fundamental rights guaranteed to all defendants. Burkett v. Cunningham, 826 F.2d 1208, 1218 (3d Cir.1987) (delay of three and a half years between conviction and sentencing and a further delay of almost two years caused by trial court hindrance of appeal constitutes inordinate delay). Therefore, we hold that the inordinate delay of nearly eleven years in deciding Hankins' motion for withdrawal of guilty plea has rendered state process ineffective to protect Hankins' rights.
 
 
 29
 We will reverse the dismissal of the habeas corpus petition, excuse exhaustion of state remedies, and remand to the district court for consideration of the merits of Hankins' constitutional claims.
 
 
 
 *
 The Honorable Louis H. Pollak, United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 We note that Hankins has been given a tentative parole date of January, 1995. It appears that Hankins completed a term of five to ten years on an unrelated charge before serving the sentence arising from the guilty plea currently under attack. United States ex rel. Hankins v. Wicker, 582 F.Supp. 180, 181 (W.D.Pa.1984), aff'd, 782 F.2d 1028 (3d Cir.1986), cert. denied, 479 U.S. 831, 107 S.Ct. 118, 93 L.Ed.2d 64 (1986)
 
 
 [2]
 The court allowed the attorney to withdraw because the motion for withdrawal of guilty plea was based in part on Hankins' claim of ineffective assistance of counsel
 
 
 [3]
 The same district court judge, now deceased, decided both the 1984 and 1985 petitions
 
 
 [4]
 The district court concluded: "Petitioner has presented another habeas corpus petition which recites the same grievance which he presented at C.A. 84-70 Erie in which we ordered a state court hearing." Hankins v. Fulcomer, No. C.A. 85-34 Erie (W.D.Pa. Feb. 1, 1985). In C.A. 84-70 the district court ordered a state court hearing, in response to Hankins' 1984 habeas petition on the unrelated conviction. After some delay, the state court held the required hearing and denied the relief sought
 
 
 [5]
 No plea bargain appears in the record. The transcript of the colloquy when Hankins entered his guilty plea on May 5, 1980 shows that the judge asked, "Are you aware of any plea bargain in this case?" Hankins' court-appointed attorney answered, "No."
 
 
 [6]
 See, e.g., Wojtczak v. Fulcomer, 800 F.2d 353, 355 (3d Cir.1986) (delay of three and a half years in consideration of petition for appeal constitutes inordinate delay); United States ex rel. Geisler v. Walters, 510 F.2d 887, 893 (3d Cir.1975) (delay of three and a half years in disposition of motion for new trial constitutes inordinate delay)
 
 
 [7]
 The comment to Rule 321 explains that a motion for withdrawal of guilty plea must be made initially in the trial court in order to give that court the first opportunity to correct any errors and to provide a full record in case of appeal
 
 
 [8]
 Hankins stated in his 1985 pro se habeas corpus petition and he repeats in this case that there is "[n]o remedy available without final disposition in [the] lower trial court." Hankins also states: "There is no adequate state remedy available because the lower trial court failed to render final disposition ... and no direct appeal rights exist." In an "Affidavit in Support" dated February 16, 1990 and sent to the district court along with his habeas corpus petition, Hankins concluded: "To this date, after many inquiries to the presiding judge, no ruling, answer, or opinion to allow me an appeal, if needed, was ever rendered in this matter...."
 
 
 [9]
 P.C.R.A. was formerly named the Post Conviction Hearing Act (P.C.H.A.), 42 Pa.C.S. § 9541 et seq. (repealed in part and renamed on April 13, 1988)
 
 
 [10]
 We also note that state habeas corpus relief is not necessarily available to Hankins. Pennsylvania has established a hierarchy of appeals, under which post-conviction collateral proceedings must ordinarily be pursued before habeas corpus applications are made and motions for withdrawal of guilty plea must be decided before post-conviction collateral relief is sought. 42 Pa.C.S.A. § 6503(b) and Pa.R.Crim.P. 1501 comment. See, e.g., Commonwealth ex rel. Wardrop v. Warden, State Correctional Inst., 237 Pa.Super. 502, 506, 352 A.2d 88, 90 (1975) (petition for writ of habeas corpus is dismissed because "we can find no justification for allowing the appellant to bypass the exclusive, well-defined procedures for presentation of those grievances set forth in the [Post-Conviction Hearing] Act"). The failure of the Crawford County Court to dispose of Hankins' motion for withdrawal of guilty plea may have effectively prevented the prisoner from climbing this hierarchy of collateral relief. In addition, Pa.R.Crim.Proc. 1701(a) would direct any habeas corpus petition by Hankins to be filed in the same Crawford County Court. Even if the Pennsylvania courts might consider making a specific exception to these general rules for Hankins, the inordinate delay in this case clearly excuses the exhaustion of state remedies
 
 
 [11]
 See, e.g., Commonwealth v. McNeil, 293 Pa.Super. 310, 316, 439 A.2d 127, 130 (1981) (the lower court took "every possible step" to ensure that defendant's rights of guilty plea withdrawal were protected, therefore defendant himself waived his rights); Commonwealth v. Carl, 267 Pa.Super. 156, 159, 406 A.2d 566, 567 (1979) (defendant did not waive his rights of guilty plea withdrawal because the lower court failed in its duty to protect those rights)
 
 
 [12]
 See Schandelmeier, 819 F.2d at 55 ("a new gloss would have been put on this case" had there been evidence of "any motion in any state court")