40 F.3d 1235
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Jose L. RODRIGUEZ, Petitioner,
v.
Peter PEPE, Respondent.
 No. 93-1739
 United States Court of Appeals,
First Circuit.
 Nov. 15, 1994
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. Robert E. Keeton, U.S. District Judge ]
 Scott Harshbarger, Attorney General, and William J. Duensing, Assistant Attorney General, for respondent.
 D.Mass.
 AFFIRMED.
 Before SELYA, CYR and BOUDIN, Circuit Judges. RODRIGUEZ, pro se.
 Per Curiam.
 
 
 1
 After a searching and extensive review of the issues presented, we affirm the district court's dismissal of Jose Rodriguez's petition for habeas corpus. The district court concluded that the pendency of a new trial motion before the state trial court barred consideration of petitioner's federal habeas corpus claims. We granted a certificate of probable cause in light of the state's lengthy delay in resolving either petitioner's new trial motion or his appeal and our difficulty in discerning its cause. We sought from the government a memorandum addressing the reasons-and justifications-for the delay. Having reviewed all the submissions carefully, we find that the delay in the state court proceedings does not excuse petitioner's failure to exhaust his state remedies before seeking federal habeas corpus relief. See 28 U.S.C. Sec. 2254(b).
 
 
 2
 There is no dispute that petitioner has not exhausted his state remedies; petitioner claims that his failure to exhaust is excused because of the excessive delay by the state in acting upon either his appeal or new trial motion. See, e.g., Hankins v. Fulcomer, 941 F.2d 246, 250 (3d Cir. 1991). Petitioner's appeal has been pending for over six years, while his new trial motion has been pending for over four years. What was less clear at the outset but more clear now is that this delay is of petitioner's own making. After petitioner filed his appeal, a not uncommon problem developed in obtaining the transcription of the trial court record. The situation was exacerbated by the fact that petitioner did not have counsel to aid him in rectifying the problem, as he had fired his lawyer following sentencing and had not as yet requested replacement counsel. The transcription problem looked as if it was about to resolve itself when petitioner, acting pro se, filed a new trial motion with the trial court in May 1990.
 
 
 3
 The effect of this filing was to create a procedural logjam-the lower court record could not be assembled for transmission to the appellate court until the disposition of the pending motion, but the new trial motion would not be resolved until the appeal was either withdrawn or concluded. See Mass. R. Crim. Proc. 30(b) (reporters' notes); Mass. R. App. Proc. 4(c), 9(a), 9(d). By seeking to pursue two courses of action simultaneously, petitioner prevented either course from proceeding. And since it has been and continues to be within petitioner's power to cure this situation, i.e., by withdrawing his new trial motion or his appeal, the delay in the resolution of the pending matters cannot excuse petitioner's failure to exhaust his state remedies. See Deters v. Collins, 985 F.2d 789, 796 (5th Cir. 1993) (delay does not excuse failure to exhaust where petitioner contributes to delay).
 
 
 4
 Affirmed.