**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3975
_____

DALE R. PETERS,
Appellant

v.

LOUIS FOLINO, SUPERINTENDENT; THE DISTRICT ATTORNEY OF THE
COUNTY OF LANCASTER; THE ATTORNEY GENERAL OF THE STATE OF
PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 06-03254)
District Judge:  Hon. Timothy J. Savage

Argued on September 22, 2011

Before:  AMBRO, CHAGARES, and *GARTH, <u>Circuit Judges</u>.

(Filed: November 3, 2011)
_____

OPINION
_____


Matthew Stiegler, Esq. (Argued)
P.O. Box 18861
Philadelphia, PA 19119
          *Attorney for Appellant*



*Participated via Video Conference

Andrew J. Gonzalez, Esq. (Argued)
Lancaster County Office of District Attorney
50 North Duke Street
Lancaster PA 17608
           *Attorney for Appellee*


GARTH, <u>Circuit Judge</u>.

After this court had granted a certificate of appealability, Dale Peters appealed the District Court's dismissal of his pro se habeas corpus petition.

Peters contends that he was denied his Sixth Amendment right to counsel, and that his claims relating to that denial were properly exhausted prior to his filing of a federal habeas corpus petition. For the reasons that follow, we will affirm the December 18, 2008 judgment of the District Court, which dismissed Peters' petition for lack of exhaustion.

I.

We write principally for the benefit of the parties and recite only the facts essential to our disposition.

In August 1998, Peters was arrested and charged with twenty counts of criminal sexual actions by the Lancaster District Attorney in the Court of Common Pleas. Peters had retained private counsel whom he ultimately dismissed. A public defender appointed by the court replaced him. Thereafter, Peters sought to have the public defender dismissed and that he be allowed to proceed *pro se* with standby counsel. The trial court allowed the public defender to withdraw, and then appointed standby counsel for Peters'

2

trial. At the commencement of trial, on Peters' request, the court appointed Mark Walmer, his standby counsel, as his regular counsel.

Walmer then moved for a continuance, claiming that he had not had sufficient time to prepare for the trial. That motion was denied, and Peters was ultimately convicted of nineteen charges, including involuntary deviate sexual intercourse and statutory sexual assault, and sentenced to a term of nineteen and a half to thirty-nine years in prison.

Peters timely appealed his conviction and sentence to the Pennsylvania Superior Court, which affirmed both. On that appeal, Peters raised several challenges to his conviction and sentence. None of the issues he raised pertained to the putative denial of his right to regular counsel or to the trial court's denial of Walmer's motion for a continuance. The issues he raised concerned sufficiency of the evidence, excessive sentence, and the denial of a motion to dismiss. Peters did not file any further direct appeals, but timely filed a petition to collaterally challenge his conviction under Pennsylvania's Post Conviction Relief Act (PCRA).

In his PCRA petition, Peters alleged four specific instances of ineffectiveness of counsel. He claimed his counsel at the trial court and the appellate court were ineffective because: 1) his trial counsel failed "to raise, object, argue and preserve for post-trial or appellate review, the trial court's abuse of discretion in denying the defendant his constitutional right to counsel . . . and then forc[ing] the defendant to proceed pro se during critical stages of the proceedings with standby and co-counsel appointment only"; 2) his trial counsel failed to object to the trial court's denial of the defense motion for a

continuance; 3) his appellate "counsel rendered ineffective assistance in raising defendant's Rule 1100 [speedy trial] issue on direct appeal in the context that the defendant had a constitutional right to proceed pro se and where the record clearly showed that the trial court abused its discretion in forcing the defendant to proceed pro se. . ."; and 4) his appellate counsel failed to appeal the Court of Common Pleas' denial of his Rule 1100 motion to dismiss.

The PCRA court dismissed Peters' petition without a hearing, and Peters timely appealed to the Pennsylvania Superior Court, raising only one issue on that appeal: whether the PCRA court had erred in dismissing his petition without a hearing. The Pennsylvania Superior Court denied Peters' appeal. The Pennsylvania Supreme Court denied allocatur.

Peters petitioned for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. In his petition, Peters claimed that he was denied counsel in violation of the Sixth Amendment when the trial court required him to proceed pro se, and that he was constructively denied counsel in violation of the Sixth Amendment when the trial court denied his counsel's motion for a continuance prior to trial. The District Court adopted a magistrate judge's recommendation and denied the petition on the ground that Peters' habeas claims had not been exhausted in the Pennsylvania state courts, and thus were procedurally defaulted. Peters filed a timely notice of appeal, and this Court thereafter granted a certificate of appealability, which certified the following issues: "(i) whether the District Court erred in finding the claims procedurally defaulted . . . and (ii) whether the District Court erred in its analysis of 'cause and prejudice' for the default."

4

II.

The District Court had jurisdiction over Peters' habeas petition pursuant to 18 U.S.C. § 2254. Having granted a certificate of appealability, we have jurisdiction over the appeal pursuant to 28 U.S.C. §§ 1291 and 2253. Our review of the District Court's denial of habeas relief and the District Court's ruling that a claim is unexhausted is plenary. Robertson v. Klem, 580 F.3d 159, 164 (3d Cir. 2009); Hankins v. Fulcomer, 941 F.2d 246, 249 (3d Cir. 1991). A writ of habeas corpus cannot be issued on behalf of a person in custody pursuant to the judgment of a state court until the petitioner has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). If a petitioner has failed to exhaust the available state court remedies and state relief would no longer be available--including if it is unavailable because it is time-barred--the petitioner is deemed to have procedurally defaulted his claims. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Wenger v. Frank, 266 F.3d 218, 223 (3rd Cir. 2001). A procedurally defaulted claim cannot be considered on habeas review unless the petitioner establishes that "cause and prejudice" or a "fundamental miscarriage of justice" excuses the default. McCandless v. Vaughn, 172 F.3d 255, 260 (3rd. Cir. 1999).

III.

On appeal, Peters contends that: 1) neither of his claims was procedurally defaulted; 2) if they were procedurally defaulted, both claims are eligible for habeas relief under the fundamental-miscarriage-of-justice exception to the procedural default doctrine; and 3) his claim regarding *actual* denial of counsel can be considered because it

5

satisfies the "cause and prejudice" exception to the procedural default doctrine. We will consider these contentions in turn.

Peters' first claim in his habeas petition is that he was left without the assistance of counsel at a critical stage in his criminal proceedings, in violation of United States v. Cronic, 466 U.S. 648 (1984). Peters could have raised this claim in his direct appeal of his conviction and sentence to the Pennsylvania Superior Court, in his PCRA petition, and in his appeal of that petition's dismissal. Peters did not raise this issue in his direct appeal to the Pennsylvania Superior Court, nor did he raise it in his appeal of the dismissal of his PCRA petition. We therefore conclude that he failed to "fairly present" the claim at all stages of state review. Picard v. Connor, 404 U.S. 270, 275 (1971). The District Court therefore properly determined that Peters failed to exhaust this claim.

Peters' second claim is that he was constructively denied his right to counsel when the trial court denied the defense motions for a continuance. Peters could have raised this claim in his direct appeal to the Pennsylvania Superior Court, in his PCRA petition, and in his appeal of that petition's dismissal. Peters did not raise this issue in his direct appeal. In his PCRA petition, Peters claimed that counsel had been ineffective for failing to object to the denial of the motions for continuance, but did not claim that those denials themselves deprived him of his Sixth Amendment rights, and he did not raise this claim on his appeal of the dismissal of his PCRA petition. Peters failed to raise this claim at each of the three possible stages of state review; the District Court therefore properly determined that Peters failed to exhaust the claim.

6

State relief is no longer available to Peters on either of these claims. Under Pennsylvania law, a petition for state habeas relief must be filed "within one year of the date the judgment becomes final." 42 Pa. C.S.A. § 9545(b). In the present case, the judgment became final on December 27, 2001, when Peters' eligibility to appeal his conviction to the Pennsylvania Supreme Court expired. Peters does not appear to contest the fact that he is no longer eligible to gain state relief on his claims. Because the claims were not exhausted, and because Peters can no longer attain relief in the state courts, we conclude that the claims were properly found to be procedurally defaulted.

Peters contends that the fundamental-miscarriage-of-justice exception to the doctrine of procedural default permits these claims to be considered in habeas review. Our certificate of appealability did not refer to the fundamental-miscarriage-of-justice exception. We discuss it, however, because Peters asserts it in his brief. Procedural default does not bar a claim from review on habeas if the petitioner "demonstrates that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). To satisfy the fundamental-miscarriage-of-justice exception, a petitioner's claim must encompass a "colorable showing of factual innocence." McCleskey v. Zant, 499 U.S. 467, 495 (1991) (quoting Kuhlmann v. Wilson, 477 U.S. 436, 454 (1986)). To make such a showing, a petitioner must show that "a constitutional violation has *probably* resulted in the conviction of one who is *actually innocent*." Schlup v. Delo, 513 U.S. 298, 327 (1995) (emphases added) (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)).

Peters claims that he is entitled to an evidentiary hearing to develop the record to establish that he has met this heavy burden. Specifically, he identifies ten additional witnesses whom he claims would testify on his behalf. According to Peters, seven of these witnesses would testify negatively about the credibility of Peters' alleged victim, while three would testify regarding Peters' alleged impotence. Of those three witnesses, only one, Peter's girlfriend, would provide direct testimony as to his alleged impotence.

The District Court reviewed the proffered testimony of these ten witnesses, and that testimony leads us inescapably to the conclusion that none of the evidence Peters seeks to introduce is "so strong that a court cannot have confidence in the outcome of the trial." Id. at 316. In the absence of such evidence, the material Peters seeks to introduce at an evidentiary hearing is legally insufficient to sustain a finding of probable actual innocence. Peters therefore cannot avail himself of the fundamental-miscarriage-of-justice exception to the procedural default doctrine.

Peters' final contention is that his claim of actual denial of his right to counsel can be considered under the "cause and prejudice" exception to the procedural default doctrine. To satisfy the "cause and prejudice" exception, the petitioner must demonstrate "that some objective factor *external to the defense* impeded counsel's efforts to comply with the State's procedural rule." Coleman v. Thompson, 501 U.S. 722, 753 (1991) (emphasis added) (quoting Murray, 477 U.S. at 488).

Peters contends that his failure to exhaust his actual denial of counsel claim was a result of his PCRA counsel's failure to raise that issue when Peters appealed his PCRA dismissal. In order for attorney ineffectiveness to constitute "cause" sufficient to satisfy

8

the "cause and prejudice" exception, the claim "must be presented to the state courts as an independent claim before it may be used to establish cause for procedural default." Edwards v. Carpenter, 529 U.S. 446, 452 (2000) (internal quotation marks omitted) (quoting Murray, 477 U.S. at 489). Although in his PCRA petition Peters challenged the effectiveness of his appellate counsel for failure to raise the claim that he was actually denied his right to counsel, he abandoned that claim when he appealed the dismissal of the petition to the Superior Court. He also failed to raise the claim in his direct appeal, and we therefore conclude that his PCRA counsel's failure to raise the issue cannot satisfy the "cause and prejudice" exception to the procedural default doctrine.

## IV.

Having concluded that the District Court did not err in finding Peters' claims procedurally defaulted, and did not err in its analysis of the "cause and prejudice" exception for the default, we will affirm the judgment of the District Court.