**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3446
_____

PERCY ST. GEORGE,

Appellant

v.

THE DISTRICT ATTORNEY
OF THE COUNTY OF PHILADELPHIA;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA;
CONNER BLAINE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-00-cv-01716)
District Judge: Hon. Timothy J. Savage

_____

Submitted under Third Circuit LAR 34.1(a)
June 14, 2013

Before: SCIRICA, HARDIMAN and ALDISERT, Circuit Judges.

(Filed:  June 17, 2013)

_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

Percy St. George appeals from an order of the United States District Court for the Eastern District of Pennsylvania that conditionally granted his petition for habeas relief, but did not retain jurisdiction or permit him to file in the District Court a new supplemental petition raising state or federal claims. For the reasons that follow we will affirm.[1]

I.

Because we write primarily for the parties, who are familiar with the facts and the proceedings in this case, we will revisit them only briefly.

St. George was convicted in October 1997 and was sentenced in December of the same year. At the end of the jury trial, his counsel represented to the court that St. George planned to appeal the conviction. However, counsel failed to file a notice of appeal or any other post-verdict motion on his behalf. St. George filed an untimely notice of appeal in February 1998. The court's clerk believed, however, that the notice of appeal was intended for another case in which St. George was involved and returned the notice as premature. When St. George found out about the mistake in June 1999, he filed a request for leave to file an appeal *nunc pro tunc* but received no response until April 2002. The state court then appointed him counsel who filed an amended Post Conviction Relief Act ("PCRA") application on his behalf. The petition was granted but the appeal itself was denied on its merits by the PCRA court. St. George appealed, and in April of 2006 the

_____

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.

2

Superior Court dismissed his appeal, stating that the PCRA court did not have jurisdiction to reinstate his appeal because the petition was time-barred.

Concurrently with these state proceedings, St. George had filed a petition for writ of habeas corpus in the U.S. District Court for the Eastern District of Pennsylvania. See 28 U.S.C. § 2254. The petition was stayed, though, pending disposition of his PCRA proceedings in state court. After the Superior Court quashed his appeal in April of 2006, St. George moved to reopen his federal habeas case. The District Court granted the motion and held an evidentiary hearing to determine whether St. George's counsel at trial rendered ineffective assistance by failing to file a notice of appeal. Based on the evidentiary hearing, the Court concluded that pursuant to Roe v. Flores-Ortega, 528 U.S. 470 (2000), St. George was denied his Sixth and Fourteenth Amendment right to reasonably effective assistance of counsel. Accordingly, the District Court held that St. George was entitled to habeas relief and stated that his conviction would be vacated "unless [the Commonwealth] reinstate[d] [his] direct appeal within 30 days of the date of [the District Court's] opinion." App. Vol. I. 16a.

St. George, however, had also requested that the District Court "retain jurisdiction over his habeas petition and permit him to file a new supplemental petition in [the District Court] raising any claims for relief he may have under state or federal law. In other words, he [sought] to avoid a return to the state court system and additional delay . . . [by] ask[ing] [the District Court] to excuse the exhaustion requirement." App. Vol. I. 12a-13a. The District Court noted the regrettable delay that St. George experienced in state court but did not excuse him from the exhaustion requirement because it concluded

3

that there was an available state process in which St. George could assert his claims, there were no pending claims in state or federal courts, and the relief granted was the usual remedy for Flores-Ortega violations. St. George timely appealed.

## II.

"[I]n a federal habeas corpus proceeding the determination of whether . . . exhaustion should be excused involves the application and interpretation of legal precepts." Hankins v. Fulcomer, 941 F.2d 246, 249 (3d Cir. 1991). Accordingly, we exercise plenary review. Id.

## III

"Under ordinary circumstances, a federal court may not entertain a petition for writ of habeas corpus unless the petitioner has first presented each of his claims to the state's highest tribunal." Lee v. Stickman, 357 F.3d 338, 341 (3d Cir. 2004) (citing 28 U.S.C. § 2254(b), (c)). This is referred to as the "exhaustion requirement." Id. at 339. "However, inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable." Wojtczak v. Fulcomer, 800 F.2d 353, 354 (3d Cir. 1986). When inexcusable or inordinate delay renders the state remedy ineffective, exhaustion may be excused. Id. Here, we agree with the District Court that there is an available and effective state remedy, and that exhaustion should not be excused.

Although St. George experienced regrettable delay, this delay has not rendered the state remedy ineffective. The initial delay resulted from counsel's failure to communicate with St. George or file an appeal on his behalf. Although the state court's confusion as to

4

the status of St. George's appeal and its failure to timely respond to his request for leave to file an appeal out of time extended the delay, the state court ultimately resolved these issues. Future delays in deciding St. George's appeal are unlikely because the factors that contributed to the previous delays are no longer present. There is no confusion as to which case St. George is seeking to appeal, and an avenue for direct appeal has been established by the District Court's order. Indeed, the Commonwealth has represented to this Court that had it not been for this appeal, St. George's direct appeal "would already be well on its way to resolution" in state court. Brief of Government 42. Accordingly, although the previous delay was regrettable, we are not convinced that exhaustion should be excused.

Furthermore, as a matter of comity, we decline to have a district court stand in as a substitute for the state court and rule on the merits of yet to be identified claims St. George may raise in a supplemental petition. Comity requires us to give states the first opportunity to review claims that a prisoner is being held in violation of the Constitution. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). We have noted in previous cases that courts reviewing habeas petitions ordinarily "fashion[] a remedy designed to spur the state courts to fulfilling their constitutional obligations to the defendant." Heiser v. Ryan, 15 F.3d 299, 306 (3d Cir. 1994). Here, the District Court's order does exactly that. Additionally, the two cases that St. George relies on as examples of a district court standing in as a substitute for a state court—Heiser, 15 F.3d 299 and Lee, 357 F.3d 338— are distinguishable from this case. Unlike in those two cases, here we have no pending

claims before us and we do not know what claims—state or federal—St. George seeks to raise in his supplemental petition.

Finally, the District Court's remedy is adequate because we are restoring the right that St. George was denied because of his counsel's mistake. The District Court granted conditional habeas relief based on its conclusion that St. George's counsel's failure to file an appeal was objectively unreasonable, in violation of Flores-Ortega, 528 U.S. at 480. The District Court appropriately issued a conditional writ ordering that St. George be released unless his direct appeal rights were reinstated. See Lewis v. Johnson, 359 F.3d 646, 662 (3d Cir. 2004) (instructing a district court to issue similar remedy). St. George is now "in the same position he would have been in if he had had effective assistance of counsel." United States v. Shedrick, 493 F.3d 292, 303 (3d Cir. 2007). Accordingly, we will affirm.

* * * * *

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. The judgment of the District Court will be AFFIRMED.