513 A.2d 473
**COMMONWEALTH of Pennsylvania**
v.
**Robert L. THOMAS, Appellant.**
Superior Court of Pennsylvania.
Submitted March 3, 1986.
Filed Aug. 4, 1986.

Mitchell S. Strutin, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before OLSZEWSKI, HOFFMAN and ROBERTS, JJ.

HOFFMAN, Judge:

This is an appeal from the lower court's order denying appellant's petition for a writ of coram nobis. Appellant contends that the lower court erred in failing to conduct a

hearing on, and in denying, his petition. We disagree and affirm the order of the court below.

On June 8, 1973, appellant was found guilty of burglary and attempted larceny. At the time of sentencing, appellant was serving a prison sentence on unrelated convictions. On July 26, 1973 he was sentenced to a five-year term of probation conditioned on his acceptance into a drug rehabilitation program at Eagleville Hospital. On December 22, 1976, appellant's probation was revoked after he had been convicted on three charges of burglary, and he was sentenced to a term of ten-to-twenty years imprisonment. He withdrew an appeal from that sentence and later filed a petition for relief under the Post Conviction Hearing Act (PCHA), 42 Pa.C.S.A. §§ 9541–9551, which was denied. This court affirmed the order denying appellant's petition. *See Commonwealth v. Thomas*, 313 Pa.Superior Ct. 606, 460 A.2d 852 (1983). On June 25, 1984, appellant filed a petition for a writ of coram nobis. The lower court denied the petition and this appeal followed.

Appellant contends that the lower court erred in failing to conduct a hearing on, and in denying, his petition for a writ of coram nobis. He alleges that he remained incarcerated for two months following his parole for his prior prison sentence while awaiting a transfer to Eagleville Hospital in accordance with the terms of his probation. He asserts that this two-month period of incarceration converted his probation into a custodial sentence, and that the sentence he received for violating his probation was, therefore, illegal as it placed him twice in jeopardy for a single crime.

■ In a detailed opinion explaining the writ of coram nobis, the Honorable Judge Diggins of the Delaware County Court of Common Pleas stated that the writ of coram nobis, also known as the writ of error, is a common law writ that affords the trial court an opportunity to correct its own record when vital facts are discovered that were unknown when the judgment was entered. *Commonwealth ex rel.*

*Clancy v. Myers,* 10 Pa.D. & C.2d 550 (C.P.Del.Co.1956). Before a court will issue the writ, the petitioner must show (1) facts that are not in the record and were unknown to the court when the judgment was announced, and that, if known, would have prevented the judgment, and (2) the absence of a remedy at law. *Id.* at 563–64.

■ Here, appellant has failed to meet these requirements. First, appellant has not alleged facts outside the record that, if known by the trial court at the time the judgment was rendered, would have prevented the judgment. Second, even if the writ of coram nobis were the proper remedy, it is not available to appellant because relief is available under the PCHA. Section 9543 of the PCHA provides that a person is eligible for relief if there is a showing:

(1) That he has been convicted of a crime.

(2) That he is incarcerated in this Commonwealth under a sentence of death or imprisonment or on parole or probation.

(3) That his conviction or sentence resulted from one or more of the following reasons:

\*     \*     \*     \*     \*     \*

(xi) His being twice placed in jeopardy.

42 Pa.C.S.A. § 9543. Because the claim underlying appellant's petition for a writ of coram nobis is that his sentence was illegal on the ground of double jeopardy, Petition for Writ of Coram Nobis at 4, the PCHA provides the proper remedy. Therefore, appellant had not shown that he is entitled to a writ of coram nobis and, accordingly, we affirm the order of the court below. *Cf. Commonwealth v. O'Nealel,* 315 Pa.Superior Ct. 1, 6, 461 A.2d 318, 320 (1983) (initial uncounseled petition for post-conviction relief may not be summarily dismissed unless previous petition involving same issue has been determined adversely to petitioner).

Affirmed.