Lexie Little **CARTER**, Appellant,

v.

Donald T. **VAUGHN.**

No. 94–3138.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Feb. 3, 1995.

Decided Aug. 14, 1995.

---

**592**

Joel B. Johnston, Thomas Schuchert & Associates, Pittsburgh, PA, for appellant.

1. The claim represented Carter's fifth federal habeas challenge. The district court dismissed the previous four petitions for failure to exhaust state remedies.

2. The magistrate's report concluded that the petition raised the same issues raised in the writ of error *coram nobis*.

Robert E. Colville, Dist. Atty., Claire C. Capristo, Deputy Dist. Atty., Elizabeth Brown, Asst. Dist. Atty., Kemal Alexander Mericli, Asst. Dist. Atty., Pittsburgh, PA, for appellee.

Before: SCIRICA, ROTH and SAROKIN, Circuit Judges.

## OPINION OF THE COURT

ROTH, Circuit Judge.

Appellant Lexie Little Carter, III appeals from the district court's denial of his habeas corpus petition. The court refused to consider the merits of Carter's petition on the grounds that he had failed to exhaust state remedies. We will reverse this decision, and we will remand this case to the district court because the district court did not address whether Carter's failure to appeal his claims through the state court system resulted in procedural default of his claims.

### I.

On July 1, 1991, Carter filed a petition for federal habeas corpus relief, pursuant to 28 U.S.C. § 2254.[1] He challenged his conviction on eighteen counts of armed robbery and one count of possessing a prohibited offensive weapon. He also challenged the resulting sentence of 182 to 365 years imprisonment imposed by a Pennsylvania court of common pleas. Carter alleged that the state court had refused to rule upon his petition for writ of error *coram nobis*, filed on February 27, 1984, during the state criminal proceedings against him, and also had refused to rule on his petition for post-conviction collateral relief, filed July 15, 1987,[2] pursuant to Pennsylvania's Post Conviction Hearing Act, 42 Pa. Const. Stat. §§ 9501–9543 ("PCHA").[3] Carter contended that the state court's delays violated his rights to due process of law and equal protection, rendering the state correc-

3. The PCHA was amended in 1988 and is now known as the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.Cons.Stat. § 9541.

tive process ineffective so that exhaustion of state remedies should be excused.[4]

The district court did not act on the petition for habeas corpus relief but retained jurisdiction and thereafter began monitoring the state court proceedings.[5] Upon discovering that the state court had lost Carter's PCHA petition, the court issued an order, dated December 11, 1991, mandating that Carter produce a copy of his state post-conviction petition for the respondents and the state court and directing the Commonwealth to refile it on Carter's behalf. The district court continued to oversee the state court action until July 1993. During that time, the district court issued several orders requiring the District Attorney's Office of Allegheny County to update it periodically on the status of the state court proceedings related to the petition.

The district court also ordered Carter's state-appointed attorney, Jack Conflenti, to file a copy of a notice of intention to proceed in post-conviction proceedings on Carter's behalf. Conflenti sought and was granted two extensions of time to make the filing but eventually withdrew as counsel. Attorney Erika Kreisman assumed representation of Carter and complied with a court order to file a copy of a notice of intention to proceed. Kreisman filed an amendment to the PCHA petition in November 1992 but then requested and was granted two extensions of time to file a supplemental amended petition.

Ultimately, on July 8, 1993, the court of common pleas issued an order dismissing Carter's claims without a hearing and advised him of his rights to file an appeal in the superior court within thirty days. Carter did not appeal. Moreover, in a motion to with-draw from the case, Carter's counsel stated that Carter had directed her not to appeal the decision.

The Commonwealth then filed a motion in the district court to dismiss Carter's habeas petition on the grounds that he had failed to exhaust available state law remedies. The magistrate judge recommended that the district court dismiss Carter's claims on that ground. Appendix ("App.") at 647. While noting that Carter's time to appeal had lapsed and his claims had therefore defaulted, the magistrate judge concluded that the procedural bar issue was not before the court. App. at 646 n. 2. By order entered March 8, 1994, the district court adopted the magistrate judge's Report and Recommendation and dismissed the petition for failure to exhaust state remedies.

Although Carter did not appeal the final order denying him post-conviction relief in the state trial court, he did file a timely notice of appeal of the denial of his habeas petition and requested the issuance of a certificate of probable cause to appeal, which a panel of this court granted on August 24, 1994.

■ Pursuant to 28 U.S.C. § 1291, we have jurisdiction over this appeal from the district court's final order dismissing Carter's petition. We exercise plenary review over the district court's conclusion that state remedies have not been exhausted and that exhaustion should not be excused. *Story v. Kindt*, 26 F.3d 402, 405 (3d Cir.1994), *cert. denied*, — U.S. —, 115 S.Ct. 593, 130 L.Ed.2d 506 (1994); *Hankins v. Fulcomer*, 941 F.2d 246, 249 (3d Cir.1991).

---

4. In addition, Carter reiterated claims that the district court found to have been set forth in his previous state court petitions. He alleged that the Commonwealth knowingly elicited perjured testimony in violation of his right to due process of law and permitted him to be prosecuted and convicted on a robbery charge that the committing magistrate had originally dismissed at the preliminary hearing stage, in violation of his rights against double jeopardy.

5. Carter also contends that it was error for the district court, at the time his habeas petition was filed, to have failed to excuse him from exhausting state remedies because of the 47 month delay which had already occurred. We asked for further briefing by the parties on this issue. We now conclude that we do not need to consider whether it was error for the district court not to have excused exhaustion at the time of the filing of the petition. The fact that Clark has now received state court review of his PCHA petition, renders this issue moot. *See Walker v. Vaughn*, 53 F.3d 609, 615–16 (3d Cir.1995) (comity, record creation concerns, judicial economy, and avoidance of duplicative proceedings all argue against a district court ignoring a state court post conviction relief proceeding, even if that proceeding took place only after considerable delay).

## II.

■ Pursuant to 28 U.S.C. §§ 2254(b) & (c), a federal court may not grant an application for writ of habeas corpus for a state prisoner until the applicant has exhausted available state remedies.[6] In general, "a state prisoner seeking federal habeas relief must present each of his claims to the state's highest court." *Story v. Kindt,* 26 F.3d at 405; *Wojtczak v. Fulcomer,* 800 F.2d 353 (3d Cir.1986). Exhaustion does not limit the court's jurisdictional power to issue a writ but rather arises from considerations of comity. *Rose v. Lundy,* 455 U.S. 509, 515, 102 S.Ct. 1198, 1201, 71 L.Ed.2d 379 (1982); *Codispoti v. Howard,* 589 F.2d 135, 140 (3d Cir.1978). Therefore, federal courts may entertain the merits of a petition for habeas corpus where state remedies have not been exhausted "when no appropriate remedy exists at the state level or when the state process would frustrate the use of an available remedy." *Story,* 26 F.3d at 405.

■ As we have held, "inexcusable or inordinate delay by the state in processing claims for relief may render the state remedy effectively unavailable." *Story,* 26 F.3d at 405. Therefore, this court has on previous occasions excused the petitioner from the exhaustion requirement where the state court delayed processing the petitioner's constitutional claims in post-conviction proceedings.[7] Unlike those cases, however, the state court has adjudicated the petitioner's claims in the instant case, albeit under federal monitoring. The district court's monitoring effectively prodded the state court to address Carter's claims while preserving deference to the Commonwealth and its procedural rules. Under the district court's supervision, the state court procedure lasted for little more than a year and a half, from December 11, 1991 to July 8, 1993, despite the withdrawal of Carter's first attorney and his second attorney's requests for extensions of time to file a supplemental petition. Thus, Carter had a final appealable decision over a year and eight months ago. Had he appealed the decision through the state courts, he then could have presented the federal district court with exhausted claims ripe for review.

Clearly the state court's docketing system, in which the petition for post-conviction relief was lost or misplaced, was inadequate to protect Carter's interests. The state court's failure to proceed in the matter until the district court commenced monitoring the case almost four and a half years later is reprehensible.[8] Nonetheless, the district

---

6. 28 U.S.C. §§ 2254(b) and (c) provide:

   (b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.
   (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

7. *See Story,* 26 F.3d at 402 (remanding petitioner's case for consideration of the merits upon concluding that a nine-year delay in post-conviction collateral proceedings in state court was inordinate); *Wojtczak,* 800 F.2d at 353 (excusing the petitioner's failure to exhaust statutory remedies due to a 33–month delay between the filing of state post-conviction petition and the filing of federal habeas petition where the court found

nothing in the record to indicate that the petitioner was responsible for the delay).

8. Even more time elapsed between the filing of the petition for writ of error *coram nobis* and the district court's monitoring. As the Appellee argues, however, Carter's petition could not have been considered when originally filed. The writ, which was abolished in 1988 by the Pennsylvania Post Conviction Relief Act, 42 Pa.Cons.Stat. § 9542, existed at the time of Carter's trial only as an extraordinary post-trial remedy "that afford[ed] the trial court an opportunity to correct its own record when vital facts [were] discovered that were unknown when the judgment was entered." *Commonwealth v. Thomas,* 355 Pa.Super. 365, 513 A.2d 473, 474 (1986). To be awarded such a writ, a petitioner had to demonstrate "(1) [the existence of] facts ... not in the record and ... unknown to the court when the judgment was announced, and that, if known, would have prevented the judgment, and (2) the absence of a remedy at law." *Id.; see also Commonwealth v. Mangini,* 478 Pa. 147, 386 A.2d 482, 490 (1978). Carter did not incorporate the claims in his petition for writ of error *coram nobis* in a post-trial motion until his 1987 PCHA petition.

court's decision to monitor the state court proceedings rather than to hold the delay in the state collateral proceedings sufficient to excuse the exhaustion requirement appropriately respects considerations of comity.

The district court recognized that the Pennsylvania courts should have the first opportunity to address and correct alleged constitutional violations arising out of Carter's conviction and sentencing. As the Supreme Court explained in *Rose,*

> [b]ecause "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

*Rose,* 455 U.S. at 518, 102 S.Ct. at 1203 (citing *Darr v. Burford,* 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950)).

### III.

■ Carter did not appeal the final and appealable order denying him post-conviction relief in the state trial court. But the magistrate judge's Report and Recommendation, as adopted by the district court, expressly declined to determine whether the failure to appeal resulted in procedural default. App. at 646 n. 2. Nor has any Pennsylvania state court held that the claims are defaulted. Because the parties did not discuss whether Pennsylvania state law clearly forecloses state court review of Carter's unexhausted claims, we remand this case to the district court to address this issue.

This court has previously held that where "no state court has concluded that [the] petitioner is procedurally barred from raising his unexhausted claims and state law does not

clearly require a finding of default," the district court should dismiss the habeas petition without prejudice for failure to exhaust state remedies. *See Toulson v. Beyer,* 987 F.2d 984, 989 (3d Cir.1993) (declining to predict how New Jersey state courts would resolve procedural default issue). By so holding, this court recognized that the issue of procedural default under state law may be best addressed by state courts in the first instance. *Id.* at 988 n. 7. On remand the district court should determine whether there exists any ambiguity as to whether Carter's inaction constitutes procedural default pursuant to Pennsylvania state law. If such ambiguity exists, it should dismiss the petition without prejudice. If, on the other hand, the district court concludes that, pursuant to Pennsylvania law, Carter's failure to appeal his claims unambiguously constituted procedural default, we direct the district court to conduct a further inquiry. The court must then determine whether cause and prejudice existed for Carter's procedural default or whether failure to consider Carter's claims would "result in a fundamental miscarriage of justice." *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).[9]

### IV.

Accordingly, the judgment of the district court will be reversed and the case will be remanded to the district court for further proceedings consistent with this opinion.

SAROKIN, Circuit Judge, concurring.

I concur in the result, because no matter how unconscionable the delay in the state proceedings, I agree that they cannot be ignored once they finally take place. *See Walker v. Vaughn,* 53 F.3d 609 (3d Cir.1995). Furthermore, while I recognize the purpose and propriety of the district court encouraging and even coercing the state court to take action, I believe that a time comes when enough is enough. A petitioner is entitled to have his claim that exhaustion of state court

---

9. In *Coleman v. Thompson,* the Supreme Court held that

> [i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can dem-

onstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman,* 501 U.S. at 750, 111 S.Ct. at 2565.

remedies should be excused adjudicated as of the time his petition is filed. In this matter, the petitioner had been waiting four years for a decision on his postconviction petition before the state court. Significantly, when Carter filed his federal habeas petition the state court had not even begun to process the postconviction petition and, in fact, its clerk's office had lost Carter's petition. Nonetheless, it was appropriate for the district court in the interests of comity to afford a further and reasonable opportunity for the state to act. However, in this instance the district court afforded an additional two years. In my view that further delay required that the interests of comity yield to the rights of the petitioner. He was entitled to have an adjudication that the exhaustion requirement was excused and to receive a determination on the merits of his petition.

However, having finally received a state adjudication, and having failed to appeal therefrom, I concur in the order of remand, although I recognize that the history of this petitioner's treatment in the state courts might well excuse and explain his failure to appeal a decision in state court which came six years after he moved in state court and two years after he filed his petition in federal court. I do not think that comity necessarily requires us to await a state court so unmindful of the rights of a convicted criminal defendant to have a speedy adjudication of his postconviction claims.