

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-14-1995

# Carter v Vaughn

Precedential or Non-Precedential:

Docket 94-3138

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"Carter v Vaughn" (1995). *1995 Decisions.* Paper 219.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/219

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

No. 94-3138


LEXIE LITTLE CARTER,

Appellant

v.

DONALD T. VAUGHN


Appeal from United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 91-cv-01142)


Submitted Pursuant to Third Circuit LAR 34.1(a)
February 3, 1995


Before:  SCIRICA, ROTH and SAROKIN, Circuit Judges


(Opinion filed  August 14, 1995)

Joel B. Johnston, Esq.
Thomas Schuchert & Associates
Eighteen East
One Gateway Center
Pittsburgh, PA 15222
        Attorney for Appellant

Robert E. Colville
District Attorney
Claire C. Capristo
Deputy District Attorney
Elizabeth Brown
Assistant District Attorney
Kemal Alexander Mericli

Assistant District Attorney
Office of the District Attorney
401 Allegheny County Courthouse
Pittsburgh, PA 15219-2489
            Attorneys for Appellee




                    OPINION OF THE COURT




ROTH, Circuit Judge


        Appellant Lexie Little Carter, III appeals from the

district court's denial of his habeas corpus petition.  The court

refused to consider the merits of Carter's petition on the

grounds that he had failed to exhaust state remedies. We will

reverse this decision, and we will remand this case to the district court because t

district court did not address whether Carter's failure to appeal his claims throug

state court system resulted in procedural default of his claims.

## I.

On July 1, 1991, Carter filed a petition for federal habeas corpus relief

pursuant to 28 U.S.C. § 2254.[0] He challenged his conviction on eighteen counts of

robbery and one count of possessing a prohibited offensive weapon. He also challen

resulting sentence of 182 to 365 years imprisonment imposed by a Pennsylvania court

common pleas. Carter alleged that the state court had refused to rule upon his peti

for writ of error coram nobis, filed on February 27, 1984, during the state crimina

proceedings against him, and also had refused to rule on his petition for post-conv

collateral relief, filed July 15, 1987,[0] pursuant to Pennsylvania's Post Conviction

Hearing Act, 42 Pa. Const. Stat. §§ 9501–9543 ("PCHA").[0] Carter contended that the

court's delays violated his rights to due process of law and equal protection, ren

the state corrective process ineffective so that exhaustion of state remedies shoul

excused.[0]

The district court did not act on the petition for habeas corpus relief k

retained jurisdiction and thereafter began monitoring the state court proceedings.[0]

[0] The claim represented Carter's fifth federal habeas challenge. The distr
court dismissed the previous four petitions for failure to exhaust state remedies.
[0] The magistrate's report concluded that the petition raised the same issue
raised in the writ of error coram nobis.
[0] The PCHA was amended in 1988 and is now known as the Post Conviction Reli
("PCRA"). See 42 Pa. Cons. Stat. § 9541.
[0] In addition, Carter reiterated claims that the district court found to ha
set forth in his previous state court petitions. He alleged that the Commonwealth
knowingly elicited perjured testimony in violation of his right to due process of l
permitted him to be prosecuted and convicted on a robbery charge that the committin
magistrate had originally dismissed at the preliminary hearing stage, in violation
rights against double jeopardy.
[0] Carter also contends that it was error for the district court, at the time his ha
petition was filed, to have failed to excuse him from exhausting state remedies bec

2

discovering that the state court had lost Carter's PCHA petition, the court issued [an] order, dated December 11, 1991, mandating that Carter produce a copy of his state p[ost-]conviction petition for the respondents and the state court and directing the Commo[nwealth] to refile it on Carter's behalf. The district court continued to oversee the state [court] action until July 1993. During that time, the district court issued several orders [] requiring the District Attorney's Office of Allegheny County to update it periodica[lly on] the status of the state court proceedings related to the petition.

The district court also ordered Carter's state-appointed attorney, Jack Conflenti, to file a copy of a notice of intention to proceed in post-conviction proceedings on Carter's behalf. Conflenti sought and was granted two extensions of [time] to make the filing but eventually withdrew as counsel. Attorney Erika Kreisman ass[umed] representation of Carter and complied with a court order to file a copy of a notice [of] intention to proceed. Kreisman filed an amendment to the PCHA petition in November [] but then requested and was granted two extensions of time to file a supplemental am[ended] petition.

Ultimately, on July 8, 1993, the court of common pleas issued an order dismissing Carter's claims without a hearing and advised him of his rights to file [an] appeal in the superior court within thirty days. Carter did not appeal. Moreover, [in a] motion to withdraw from the case, Carter's counsel stated that Carter had directed [her not] to appeal the decision.

The Commonwealth then filed a motion in the district court to dismiss Car[ter's] habeas petition on the grounds that he had failed to exhaust available state law re[medies.]

the 47 month delay which had already occurred. We asked for further briefing by th[e] parties on this issue. We now conclude that we do not need to consider whether it [was] error for the district court not to have excused exhaustion at the time of the fili[ng of] the petition. The fact that Clark has now received state court review of his PCHA petition, renders this issue moot. See Walker v. Vaughn, 53 F.3d 609, 615-16 (3d C[ir.] 1995) (comity, record creation concerns, judicial economy, and avoidance of duplica[tive] proceedings all argue against a district court ignoring a state court post-convicti[on] relief proceeding, even if that proceeding took place only after considerable dela[y).]

3

The magistrate judge recommended that the district court dismiss Carter's claims on [...] ground. Appendix ("App.") at 647. While noting that Carter's time to appeal had [...] and his claims had therefore defaulted, the magistrate judge concluded that the pro[...] bar issue was not before the court. App. at 646 n.2. By order entered March 8, 199[...] district court adopted the magistrate judge's Report and Recommendation and dismiss[...] petition for failure to exhaust state remedies.

Although Carter did not appeal the final order denying him post-convictio[...] relief in the state trial court, he did file a timely notice of appeal of the denia[...] his habeas petition and requested the issuance of a certificate of probable cause t[...] appeal, which a panel of this court granted on August 24, 1994.

Pursuant to 28 U.S.C. § 1291, we have jurisdiction over this appeal from [...] district court's final order dismissing Carter's petition. We exercise plenary rev[...] over the district court's conclusion that state remedies have not been exhausted an[...] exhaustion should not be excused. Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994),[...] denied, 115 S. Ct. 593 (1994); Hankins v. Fulcomer, 941 F.2d 246, 249 (3d Cir. 1991[...]

II.

Pursuant to 28 U.S.C. §§ 2254(b) & (c), a federal court may not grant an [...] application for writ of habeas corpus for a state prisoner until the applicant has [...] exhausted available state remedies.[0] In general, "a state prisoner seeking federal [...]

---

[0]     28 U.S.C. §§ 2254(b) and (c) provide:

      (b)  An application for a writ of habeas corpus in behalf of a perso[...] custody pursuant to the judgment of a State court shall not be granted un[...] appears that the applicant has exhausted the remedies available in the co[...] the State, or that there is either an absence of available State correcti[...] process or the existence of circumstances rendering such process ineffect[...] protect the rights of the prisoner.

      (c)  An applicant shall not be deemed to have exhausted the remedies[...] available in the courts of the State, within the meaning of this section,[...] has the right under the law of the State to raise, by any available proce[...] the question presented.

4

relief must present each of his claims to the state's highest court."  Story v. Kir[...]
F.3d at 405; Wojtczak v. Fulcomer, 800 F.2d 353 (3d Cir. 1986).  Exhaustion does no[...]
the court's jurisdictional power to issue a writ but rather arises from considerati[...]
comity.  Rose v. Lundy, 455 U.S. 509, 515 (1982); Codispoti v. Howard, 589 F.2d 135[...]
(3d Cir. 1978). Therefore, federal courts may entertain the merits of a petition fo[...]
habeas corpus where state remedies have not been exhausted "when no appropriate rem[...]
exists at the state level or when the state process would frustrate the use of an
available remedy." Story, 26 F.3d at 405.

As we have held, "inexcusable or inordinate delay by the state in process[...]
claims for relief may render the state remedy effectively unavailable."  Story, 26 [...]
405. Therefore, this court has on previous occasions excused the petitioner from th[...]
exhaustion requirement where the state court delayed processing the petitioner's
constitutional claims in post-conviction proceedings.[0]  Unlike those cases, however[...]
state court has adjudicated the petitioner's claims in the instant case, albeit und[...]
federal monitoring.  The district court's monitoring effectively prodded the state [...]
to address Carter's claims while preserving deference to the Commonwealth and its
procedural rules.  Under the district court's supervision, the state court procedur[...]
lasted for little more than a year and a half, from December 11, 1991 to July 8, 19[...]
despite the withdrawal of Carter's first attorney and his second attorney's request[...]
extensions of time to file a supplemental petition.  Thus, Carter had a final appea[...]
decision over a year and eight months ago.  Had he appealed the decision through th[...]
courts, he then could have presented the federal district court with exhausted clai[...]
for review.

---

[0]     See Story, 26 F.3d at 402 (remanding petitioner's case for consideration [...]
merits upon concluding that a nine-year delay in post-conviction collateral proceed[...]
state court was inordinate); Wojtczak, 800 F.2d at 353 (excusing the petitioner's f[...]
to exhaust statutory remedies due to a 33-month delay between the filing of state p[...]
conviction petition and the filing of federal habeas petition where the court found[...]
nothing in the record to indicate that the petitioner was responsible for the delay[...]

Clearly the state court's docketing system, in which the petition for po[st]

conviction relief was lost or misplaced, was inadequate to protect Carter's intere[st]

The state court's failure to proceed in the matter until the district court commen[ced]

monitoring the case almost four and a half years later is reprehensible.[0]  Nonethel[ess]

the district court's decision to monitor the state court proceedings rather than t[o]

the delay in the state collateral proceedings sufficient to excuse the exhaustion

requirement appropriately respects considerations of comity.

The district court recognized that the Pennsylvania courts should have th[e]

opportunity to address and correct alleged constitutional violations arising out of

Carter's conviction and sentencing.  As the Supreme Court explained in Rose,

> [b]ecause "it would be unseemly in our dual system of
> government for a federal district court to upset a
> state court conviction without an opportunity to the
> state courts to correct a constitutional violation,"
> federal courts apply the doctrine of comity, which
> "teaches that one court should defer action on causes
> properly within its jurisdiction until the courts of
> another sovereignty with concurrent powers, and already
> cognizant of the litigation, have had an opportunity to
> pass upon the matter."

Rose, 455 U.S. at 518 (citing Darr v. Burford, 339 U.S. 200, 204 (1950).

III.

---

[0]      Even more time elapsed between the filing of the petition for writ of err[or]
coram nobis and the district court's monitoring. As the Appellee argues, however, C[arter's]
petition could not have been considered when originally filed.  The writ, which was
abolished in 1988 by the Pennsylvania Post Conviction Relief Act, 42 Pa. Cons. Stat[. §]
9542, existed at the time of Carter's trial only as an extraordinary post-trial rem[edy]
"that afford[ed] the trial court an opportunity to correct its own record when vita[l facts]
[were] discovered that were unknown when the judgment was entered." Commonwealth v[.]
Thomas, 513 A.2d 473, 474 (Pa. Super. 1986).  To be awarded such a writ, a petition[er had]
to demonstrate "(1) [the existence of] facts . . . not in the record and . . . unkn[own to]
the court when the judgment was announced, and that, if known, would have prevented [the]
judgment, and (2) the absence of a remedy at law."  Id.; see also Commonwealth v. M[ead,]
386 A.2d 482, 490 (Pa. 1978).  Carter did not incorporate the claims in his petitio[n for]
writ of error coram nobis in a post-trial motion until his 1987 PCHA petition.

6

Carter did not appeal the final and appealable order denying him post-con relief in the state trial court. But the magistrate judge's Report and Recommendat adopted by the district court, expressly declined to determine whether the failure appeal resulted in procedural default. App. at 646 n.2. Nor has any Pennsylvania court held that the claims are defaulted. Because the parties did not discuss whet Pennsylvania state law clearly forecloses state court review of Carter's unexhauste claims, we remand this case to the district court to address this issue.

This court has previously held that where "no state court has concluded t [the] petitioner is procedurally barred from raising his unexhausted claims and sta does not clearly require a finding of default," the district court should dismiss t habeas petition without prejudice for failure to exhaust state remedies. See Touls Beyer, 987 F.2d 984, 989 (3d Cir. 1993) (declining to predict how New Jersey state would resolve procedural default issue). By so holding, this court recognized that issue of procedural default under state law may be best addressed by state courts i first instance. Id. at 988 n.7. On remand the district court should determine whet there exists any ambiguity as to whether Carter's inaction constitutes procedural d pursuant to Pennsylvania state law. If such ambiguity exists, it should dismiss th petition without prejudice. If, on the other hand, the district court concludes th pursuant to Pennsylvania law, Carter's failure to appeal his claims unambiguously constituted procedural default, we direct the district court to conduct a further i The court must then determine whether cause and prejudice existed for Carter's proc default or whether failure to consider Carter's claims would "result in a fundament miscarriage of justice." See Coleman v. Thompson, 501 U.S. 722, 750 (1991).[0]

_____

[0]     In Coleman v. Thompson, the Supreme Court held that

        [i]n all cases in which a state prisoner has defaulted
        his federal claims in state court pursuant to an
        independent and adequate state procedural rule, federal
        habeas review of the claims is barred unless the

7

IV.

Accordingly, the judgment of the district court will be reversed and the will be remanded to the district court for further proceedings consistent with this opinion.

---

        prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.
Coleman, 501 U.S. at 750.

SAROKIN, Circuit Judge, concurring.

I concur in the result, because no matter how unconscionable the delay in state proceedings, I agree that they cannot be ignored once they finally take place. Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995). Furthermore, while I recognize the p and propriety of the district court encouraging and even coercing the state court t action, I believe that a time comes when enough is enough. A petitioner is entitle have his claim that exhaustion of state court remedies should be excused adjudicate the time his petition is filed. In this matter, the petitioner had been waiting fo years for a decision on his postconviction petition before the state court. Significantly, when Carter filed his federal habeas petition the state court had no begun to process the postconviction petition and, in fact, its clerk's office had l Carter's petition. Nonetheless, it was appropriate for the district court in the interests of comity to afford a further and reasonable opportunity for the state to However, in this instance the district court afforded an additional two years. In that further delay required that the interests of comity yield to the rights of the petitioner. He was entitled to have an adjudication that the exhaustion requiremen excused and to receive a determination on the merits of his petition.

However, having finally received a state adjudication, and having failed appeal therefrom, I concur in the order of remand, although I recognize that the hi of this petitioner's treatment in the state courts might well excuse and explain hi failure to appeal a decision in state court which came six years after he moved in court and two years after he filed his petition in federal court. I do not think t comity necessarily requires us to await a state court so unmindful of the rights of convicted criminal defendant to have a speedy adjudication of his postconviction cl

9