

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2003

# Okonkwo v. INS

Precedential or Non-Precedential: Non-Precedential

Docket 02-3519

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Okonkwo v. INS" (2003). *2003 Decisions.* Paper 605.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/605

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-3519
_____

IGNATIUS OKONKWO,

Appellant

v.

IMMIGRATION & NATURALIZATION SERVICE.


On Appeal from the United States District Court
for the Middle District of Pennsylvania

District Court Judge: The Honorable Malcolm Muir
(D.C. Civil No. 00-cv-02057)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 11, 2003

Before: ALITO, FUENTES, Circuit Judges,
and PISANO,* District Judge.

(Opinion Filed:   April 29, 2003)
_____

OPINION OF THE COURT
_____


_____

*Honorable  Joel A. Pisano, U.S. District Judge for the District of New Jersey,
sitting by designation.

FUENTES, Circuit Judge:

On November 27, 2000, Ignatius Okonkwo filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in the Middle District of Pennsylvania. On July 19, 2002, the District Court denied Okonkwo's Petition. On appeal, Okonkwo argues that the District Court erred in denying his Petition because he has been detained by the Immigration and Naturalization Service ("INS") for over two years without the required bail review in violation of due process and INS regulations. We disagree with Okonkwo's argument and will, therefore, affirm.

## I. Background

Okonkwo is a native and citizen of Nigeria. He arrived in the United States in November 1995, and at that time was paroled into the country until November 1996. On March 14, 1995, he was convicted of larceny in the sixth degree in state court in Connecticut. On June 2, 2000, the INS issued and served a Warrant for Arrest of Alien and Notice to Appear on Okonkwo, charging him as an arriving alien who is inadmissible. Okonkwo was taken into INS custody on that date. On August 25, 2000, an Immigration Judge ordered Okonkwo's removal to Nigeria on two grounds: 1) he came into the United States without the proper documentation; and 2) he had been convicted of a crime of moral turpitude.

On October 20, 2000, Okonkwo's Connecticut felony conviction was vacated. Okonkwo repeatedly sought to have his removal proceedings reopened due to the vacation

of his Connecticut conviction. That request was granted on November 8, 2001, when the Board of Immigration Appeals remanded his case to the Immigration Judge to consider the effect of the vacation of his criminal conviction and to determine whether Okonkwo was eligible for relief from removal.

On November 27, 2000, Okonkwo initiated this action by filing an "Emergency Stay of Removal" motion, which the District Court construed as a Petition for Writ of Habeas Corpus. The relief sought by Okonkwo in the Petition was limited to an order preventing the INS from deporting him until his removal proceedings were reopened. Action on the habeas corpus petition was stayed pending disposition of a Petition for Review filed in this Court. After this Court disposed of the Petition for Review, the District Court removed the stay and held a hearing on July 11, 2002. During the hearing, Okonkwo requested an order requiring the INS to release him from custody unless he was granted an individualized bail hearing within thirty days of the order.

On July 19, 2002, the District Court denied the Petition because the emergency stay of removal request was moot, and Okonkwo had failed to exhaust his administrative remedies before seeking court review on his unconstitutional detention claim. Okonkwo appeals the denial of the Petition only on the detention issue.

## II. Analysis

The District Court had jurisdiction over this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. We have jurisdiction over this appeal from the District Court's final order

denying the Petition under 28 U.S.C. §§ 1291, 2253(a). We exercise plenary review over the District Court's decision. See Carter v. Vaughn, 62 F.3d 591, 593 (3d Cir. 1995); Hankins v. Fulcomer, 941 F.2d 246, 249 (3d Cir. 1991).

Okonkwo argues that the District Court erred in denying his Petition given that he was in INS custody for over two years without having the bail review guaranteed by the due process clause and INS regulations. Okonkwo bases his argument on this Court's holding in Patel v. Zemski, 275 F.3d 299 (3d Cir. 2001), and 8 C.F.R. § 236.1(c)(8). Okonkwo's argument is unavailing and his reliance on these authorities is misplaced.

First, 8 C.F.R. § 236.1(c)(8) does not provide for bond review for aliens in Okonkwo's situation. Part 236 of the INS regulations addresses the apprehension, custody, and detention of aliens arrested in the United States. Okonkwo is classified as an arriving alien because he attempted to enter the United States without valid documents in 1995, and was then paroled into the country for a period of one year. Part 235 of the INS regulations addresses arriving aliens. See 8 U.S.C. § 1225; 8 C.F.R. § 235.

Under 8 C.F.R. § 235.3(c):

> Except as otherwise provided in this chapter, any arriving alien who appears to the inspecting officer to be inadmissible, and who is placed in removal proceedings pursuant to section 240 of the Act shall be detained in accordance with section 235(b) of the Act. Parole of such alien shall only be considered in accordance with § 212.5(b) of this chapter. This paragraph shall also apply to any alien who arrived before April 1, 1997, and who was placed in exclusion proceedings.

Section 212.5(b) provides for release through parole of aliens "on a case-by case basis for

'urgent humanitarian reasons' or 'significant public benefit,' provided the aliens present neither a security risk nor a risk of absconding . . ." 8 C.F.R. § 212.5(b). According to the regulation, Okonkwo may be eligible for parole.

The District Court found, however, that at the time of the hearing, Okonkwo had not exhausted the available administrative remedies in seeking parole. Okonkwo does not dispute that finding. Because Okonkwo has not exhausted the available administrative remedies in seeking parole, no relief is available to him in federal court. See Yi v. Maugans, 24 F.3d 500, 503-504 (3d Cir. 1994).

Okonkwo relies on Patel in arguing that his continued detention by the INS violates his right to substantive due process. In Patel, this Court held unconstitutional the mandatory detention provision of Section 236(c). 275 F.3d at 314. As we explained above, however, at the time of Okonkwo's hearing before the District Court, he was not being detained pursuant to Section 236(c), and thus that section's mandatory detention provision was not applicable. Rather, Okonkwo was being detained as an arriving alien under Section 235, and was eligible to seek parole, but had not yet done so. Okonkwo's reliance on Patel is, therefore, misplaced.

### III.  Conclusion

The District Court properly denied Okonkwo's Petition on the ground that Okonkwo

had not exhausted the administrative remedies available to him.  We will, therefore, affirm.


TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.


  /s/   Julio M. Fuentes
Circuit Judge
