

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-12-2003

# Khan v. Elwood

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4216

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Khan v. Elwood" (2003). *2003 Decisions.* Paper 273.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/273

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-4216
_____

MOHAMMAD ZOHAIB KHAN,

Appellant

v.

KENNETH ELWOOD, District Director,
Immigration and Naturalization Services


On Appeal from the United States District Court
for the Middle District of Pennsylvania

District Court Judge: The Honorable Sylvia H. Rambo
(D.C. Civil No. 02-cv-01734)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 22, 2003

Before: ALITO, FUENTES, Circuit Judges,
and SURRICK,* District Judge.

(Opinion Filed: September 11, 2003)
_____

OPINION OF THE COURT
_____

_____

*Hon. R. Barclay Surrick, U.S. District Judge for the Eastern District of
Pennsylvania, sitting by designation.

FUENTES, Circuit Judge:

Mohammad Zohaib Khan ("Khan") filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Middle District of Pennsylvania. On November 4, 2002, the District Court denied Khan's Petition. On appeal, Khan argues that the District Court erred in failing to find that the Board of Immigration Appeals ("BIA") applied an erroneous legal standard in denying Khan protection under the Convention Against Torture ("CAT"). We disagree with Khan and will, therefore, affirm.

Khan is a native and citizen of Pakistan. He was admitted to the United States as a lawful permanent resident in 1996. In September 2000, Khan was convicted in Delaware of possession with intent to distribute marijuana and sentenced to a five-year term of imprisonment, which was later suspended. On March 7, 2001, the Immigration and Naturalization Service ("INS") served Khan with a notice to appear for removal proceedings charging that he was subject to removal pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) because he had been convicted of an aggravated felony, and pursuant to 8 U.S.C. § 1227(a)(2)(B)(i) because he had been convicted of violating a state controlled substance law.

The Immigration Judge ("IJ") terminated the aggravated felony charge, but found that, based on the Delaware drug conviction, the INS had established that Khan was removable under 8 U.S.C. § 1227(a)(2)(B)(i). Thereafter, Khan requested asylum, withholding of removal, and protection under the CAT. With respect to his CAT claim, Khan asserted that he would come to the attention of the Pakistani government upon his return due to his criminal activity in the United States and that the government would likely arrest and torture him. On November 26,

2001, the IJ denied Khan's requests for asylum and withholding of removal, but granted him protection under the CAT.

The INS appealed the IJ's termination of the aggravated felony charge and grant of protection under the CAT to the BIA. On June 24, 2002, the BIA sustained the INS's appeal and vacated the portion of the IJ's order withholding Khan's removal pursuant to the CAT. Because Khan's applications for asylum, withholding of removal, and protection under the CAT had all been denied, the BIA declined to address the INS's argument that the IJ improperly terminated the aggravated felony charge. The BIA ordered Khan removed to Pakistan.

Khan petitioned this Court to review the BIA's final removal order. On September 23, 2002, this Court dismissed Khan's petition for lack of subject matter jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(C). The INS took Khan into custody in September of 2002 in York, Pennsylvania. Accordingly, Khan filed a petition for a writ of habeas corpus in the Middle District of Pennsylvania. On November 4, 2002, the District Court denied Khan's habeas petition.

There is no question that "district courts may exercise *habeas* jurisdiction over petitions alleging violations of CAT." Ogbudimkpa v. Ashcroft, No. 02-1181, 2003 WL 21995303, at *9 (3d Cir. Aug. 22, 2003); see also Wang v. Ashcroft, 320 F.3d 130, 141 (2d Cir. 2003); Saint Forth v. Ashcroft, 329 F.3d 191, 200 (1st Cir. 2003); Cornejo-Barreto v. Seifert, 218 F.3d 1004, 1015-16 (9th Cir. 2000). The scope of a district court's habeas jurisdiction extends to claims concerning "errors of law, including the erroneous application or interpretation of statutes." INS v. St. Cyr, 533 U.S. 289, 302 (2001). We have jurisdiction

over this appeal from the District Court's final order denying the habeas petition under 28 U.S.C. §§ 1291, 2253(a). We exercise plenary review over the District Court's decision. See Carter v. Vaughn, 62 F.3d 591, 593 (3d Cir. 1995); Hankins v. Fulcomer, 941 F.2d 246, 249 (3d Cir. 1991).

Khan argues that the District Court erred in denying his habeas petition because the BIA "abused its discretion in ruling contrary to regulation that Khan did not meet his burden of proof in establishing withholding of removal." (Khan's Brief at 13).

In order to obtain relief under the CAT, an applicant must establish "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." Sevoian v. Ashcroft, 290 F.3d 166, 175 (3d Cir. 2002) (quoting 8 C.F.R. § 208.16(c)(2)). This standard does not include a subjective component, but rather requires that the applicant show entitlement to relief by objective evidence. See id. Accordingly, in order to avail himself of relief under the CAT, it was Khan's burden to demonstrate by means of objective evidence that he would more likely than not be tortured if removed to Pakistan.

The BIA correctly stated the "more likely than not" standard in its decision. (App. at Exhibit F, p. 1). Applying the standard to Khan's case, the BIA found that "[a]lthough evidence of record supports the Immigration Judge's conclusion that the Pakistani police torture detainees, [Khan] has provided no evidence demonstrating a probability either that he will personally be detained upon his removal to Pakistan or, if he is detained, that he will personally be in a class of detainees who are likely to be tortured." Id. at 2. The BIA held that ". . . the absence of evidence establishing a likelihood that [Khan] will be at personal risk of torture by

-4-

or with the acquiescence of the Pakistani government constitutes a failure of proof." Id. The BIA's analysis and findings demonstrate that it carefully reviewed the record and complied with the legal standard for analyzing CAT applications.

We agree with the INS that Khan's habeas petition is nothing more than a "thinly disguised sufficiency of the evidence argument." (INS's brief at 13). But, as the District Court correctly observed, a sufficiency of the evidence argument is properly raised on direct appeal, not in a habeas petition. Accordingly, we will not review any further the BIA's determination that Khan did not satisfy his burden of demonstrating that he would more likely than not be tortured if returned to Pakistan.

Because the BIA applied the correct legal standard, we will affirm the District Court's denial of Khan's habeas petition.

TO THE CLERK OF THE COURT:
Kindly file the foregoing Opinion.

/s/ Julio M. Fuentes
Circuit Judge