J-S59042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GREGORY REEVES | : | |
| | : | |
| Appellant | : | No. 734 EDA 2019 |

Appeal from the PCRA Order Entered February 4, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1206832-1993

BEFORE:  LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED MARCH 04, 2020**

Gregory Reeves appeals from the denial of his Post Conviction Relief Act[1] ("PCRA") petition. The PCRA court dismissed the petition as untimely. We affirm.

In 1994, a jury convicted Reeves of second-degree murder. The trial court sentenced Reeves to life imprisonment and we affirmed the judgment of sentence. ***See Commonwealth v. Reeves***, 671 A.2d 772 (Table) (Pa.Super. 1995). The Pennsylvania Supreme Court denied allowance of appeal on February 29, 1996.[2] ***Commonwealth v. Reeves***, 673 A.2d 333 (Pa. 1996).

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] The PCRA court states that the Supreme Court denied allowance of appeal on November 9, 1995. The discrepancy does not affect our decision, as in either case, the petition was untimely.

Reeves filed the instant PCRA petition in August 2012 seeking relief under *Miller v. Alabama*, 567 U.S. 460 (2012). *See* PCRA Petition, filed 8/12/12. *Miller* held that imposition of a mandatory sentence of life imprisonment without possibility of parole is unconstitutional as applied to defendants who at the time of their crimes were under the age of 18. *See Miller*, 567 U.S. at 465.

Reeves then filed a *pro se* motion for leave to amend his PCRA petition, but the court never ruled on the motion. Reeves nevertheless filed *pro se* amended PCRA petitions in February and August 2016. Subsequently, in June 2017, the PCRA court appointed counsel. In August 2017, Reeves filed another *pro se* amended PCRA petition.

The following month, in September 2017, counsel filed a *Turner/Finley* letter and a motion to withdraw.[3] *See Turner/Finley* Letter, filed 9/14/17. The PCRA court held a *Grazier*[4] hearing where Reeves requested and the court granted Reeves' request to proceed *pro se*. *See* Written Waiver of Counsel, dated 11/14/17.

Reeves then filed another amended petition on January 5, 2018, titled, "Motion for Permission to File Amended Petition for Post Conviction Relief," which the court granted. Order, filed 1/12/18. The PCRA court issued notice

---

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[4] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1988).

of intent to dismiss the petition without a hearing and ultimately dismissed the petition. **See** Pa.R.Crim.P. 907 Notice, filed 1/4/19; Order, filed 2/5/19.

Reeves filed a notice of appeal and the PCRA court entered an order directing Reeves to file a Pa.R.A.P. 1925(b). The PCRA court states in its opinion that "Reeves filed . . . a statement of matters complained of on appeal on April 3rd" and also listed the issues from the statement as follows:

> [D]oes not the Pennsylvania Supreme Court's interpretation of Pa. Construction of Statutes that are not severable and that, as a result Pennsylvania's sentence statute 18 Pa. C.S. §1102(a) (1979)'s mitigating factors must be written in the indictment based on the recent statutory decision of the Pennsylvania Supreme Court in **Commonwealth v. Batts**, 163 A.3d 410 (Pa. 2017) (finding the defendant's age at the time of his offense qualified as a statutory mitigating factor), citing **Commonwealth v. Wolfe**, 140 A.3d 600-601 (2016), reaffirming its decision in **Hopkins**, 117 A.3d at 249, as it relates to another similarly worded mandatory minimum sentencing statute, 42 Pa. C.S.A. § 9718).
>
> ***
>
> Second, in **Commonwealth v. Burton**, 683 Pa. 687 (Pa. 2017), the Pennsylvania Supreme Court has recently reaffirmed that the presumption that the presumption [sic] that information which is of public record cannot be deemed unknown for the purposes of the Post Conviction Relief Act, 42 Pa. C.S. § 9545 (b) (1) (i) (ii), does not apply to *pro se* [sic] prisoner petitioner's [sic] as the application of the public record presumption to *pro se* [sic] petitioner's [sic] is contrary to the plain language of § 9545 (b) (1) (i) (ii). Petitioner's constitutional allegations bring his claim within the ambit of sections (b) (1) (i) (ii), he must still prove that it meets the requirements therein. Under subsections (b) (1) (i) (ii), he must also prove that (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution of the United States; or (ii) the facts

- 3 -

> upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." Such questions require further fact-finding and the PCRA court, acting as fact finder, should determine whether Petitioner met the "proof" requirement under 42 Pa. C.S. § 9545(b) (1) (i) (ii).
>
> ✱✱✱
>
> Due process requires that this Court permit Petitioner to vindicate his right by reviewing the structural errors inherent in his conviction that are presented by this Petition. The refusal to allow Petitioner means to vindicate his constitutional right would violate petitioner's state and federal right to due process. *Heisner v. Ryan*, 951 F.2d 599 (3rd Cir. 1991) (state post-conviction procedures are to be monitored for violation of litigant's right to due process); *Carter v. Vaughn*, 62 F.3d 591 (3rd Cir. 1995) (same). This Petition, filed within 60 days of the revelation of new evidence of the previous administration of the Philadelphia District Attorney's Officer policy and practice of prosecutors not being attuned to their constitutional and ethical disclosure responsibility, which raises newly available evidence in support of important claims about the unconstitutionality of the process by which Petitioner came to be convicted of second degree murder and sentenced to life, should be considered timely-filed, to allow Petitioner post-conviction review in a manner consistent with both state and federal due process rights.

PCRA Court Opinion ("PCO"), filed 4/23/19, at 2, 5-6, 6-7, 7-8. However, Reeves' Rule 1925(b) statement is not in the certified record and the docket does not reflect that it was filed. It appears that Reeves sent the Rule 1925(b) statement to the PCRA judge but never filed it with the clerk of courts.

Reeves' brief asserts the following issues:

I.  Whether petitioner's [sic] is entitled to relief from his conviction and sentence because the Commonwealth failed to disclosed [sic] relevant *Brady* material in a

- 4 -

manner depriving him of his rights under the Sixth and Fourteenth amendments of the U.S. Constitution.

II.    Whether petitioner's [sic] is entitled to relief from his conviction and sentence because the trial court severed Pennsylvania's minimum sentencing statute in a manner depriving him of his rights under the Eighth and Fourteenth amendments of the Constitution and the corresponding provisions of the Pennsylvania Constitution.

Reeves' Br. at 1.

We need not resolve the confusing questions of which petition is the operative petition and whether Reeves' Rule 1925(b) statement preserved his claims on appeal because his PCRA petition was untimely. "Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error." **Commonwealth v. Beatty**, 207 A.3d 957, 960-61 (Pa.Super. 2019). We also defer to the factual findings of the PCRA court so long as those findings are supported by the record. **Id.** at 961.

A petitioner has one year from the time the judgment of sentence is final to file a PCRA petition. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** at § 9545(b)(3). If the petition is not filed before the one-year deadline expires, the petitioner must plead and prove at least one of the three time-bar exceptions. These exceptions are:

> (i)     the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)   the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i)-(iii). When a petitioner raises a time-bar exception, he or she must raise it within 60 days of the date the petitioner could have first raised the exception. 42 Pa.C.S.A. § 9545(b)(2).[5]

Here, Reeves' judgment of sentence became final on May 29, 1996, when the time to file a writ of *certiorari* with the United States Supreme Court expired. *See* U.S. Ct. Rule 13. Therefore, he had until May 29, 1997, to file a timely PCRA petition. Thus, the instant petition filed in January 2018 was patently untimely and Reeves bore the burden of pleading and proving at least one of the time-bar exceptions.

In his petition, Reeves claimed the governmental interference exception:

> Accordingly, to satisfy the governmental official interference exception, Petitioner must demonstrate (1) that

---

[5] 42 Pa.C.S.A. § 9545(b)(2) has since been amended to allow a petitioner one year to file a petition. The amendment applies to claims arising on or after December 24, 2017, and thus does not apply to Reeves.

interference by government officials prevented him from discovering the unlawful severance of the statutes in this case and bring severance claim sooner, and (2) that he could not have known of the governmental interference earlier through the exercise of reasonable diligence. There is no question in this case that the [t]rial [c]ourt sentenced him to what have now been determined to be unconstitutional provisions of 42 Pa. C.S. § 9711 (requiring sentencing factors to be determined by the trial court by a preponderance of the evidence) are unseverable, and that the statutes at issue are unconstitutional.

PCRA Petition, filed 1/5/18, at 7.

In order to satisfy the governmental interference exception, Reeves had to plead and prove that his "failure to raise the claim [or claims] *previously* was the result of interference by government officials with the presentation of the claim [or claims] in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States . . ." **Commonwealth v. Chester**, 895 A.2d 520, 523 (Pa. 2006) (quoting 42 Pa.C.S.A. § 9545(b)(1)(i)).

Here, Reeves argues that we should vacate his judgment of sentence because "the [t]rial [c]ourt sentenced him to mandatory life without parole pursuant to what have now been determined to be unconstitutional provisions of 42 Pa. C.S. § 9711 (requiring sentencing factors to be determined by the trial court by a preponderance of the evidence) are unseverable, and that the statutes at issue are unconstitutional." PCRA Petition at 7. In support of this claim, Reeves cites to **Commonwealth v. Batts**, 163 A.3d 410 (Pa. 2017) (**Batts II**). **Id.** at 5. Reeves' argument is meritless for several reasons.

First, **_Batts II_** is inapplicable to this case, as **_Batts II_** involved the sentencing of a juvenile offender to life imprisonment without the possibility of parole. Here, Reeves was not a juvenile at the time of the murder, but rather 24 years old.

Second, Section 9711 has not been held unconstitutional and the imposition of a life sentence without possibility of parole on Reeves was not illegal. **_See_** 18 Pa.C.S.A. § 1102(b). The PCRA court did not err in dismissing Reeves' PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/4/20