J-S05010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER MICHAEL STANFORD | : | |
| | : | |
| Appellant | : | No. 1017 WDA 2023 |

Appeal from the PCRA Order Entered August 16, 2023
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0000833-2014

BEFORE: PANELLA, P.J.E., KING, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.: **FILED: April 17, 2024**

Christopher Stanford appeals *pro se* from the Butler County Court of Common Pleas' order denying his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A §§ 9541-9546. Stanford appears to claim he is entitled to a writ of coram nobis, that the PCRA court violated 42 Pa. C.S.A. § 9545(b)(1)(i) and that PCRA counsel was ineffective. We agree with the PCRA court that Stanford's serial petition is untimely, and we therefore affirm.

In his handwritten single-spaced brief, Stanford's statement of the factual and procedural history is, to put it generously, difficult to follow. We glean the relevant history from prior dispositions from this Court in this matter. In 2014, a jury convicted Stanford of, among other offenses, rape of a child and aggravated indecent assault stemming from the sexual abuse of

his girlfriend's daughter over a span of several years. Stanford was found to be a sexually violent predator ("SVP") and sentenced to an aggregate term of 24 to 48 years' imprisonment.

This Court affirmed Stanford's direct appeal on December 3, 2015. ***See Commonwealth v. Stanford***, 527 WDA 2015 (Pa. Super. filed December 3, 2015) (unpublished memorandum). Stanford did not petition the Pennsylvania Supreme Court for allowance of appeal, and his judgment of sentence therefore became final on January 4, 2016. ***See*** 42 Pa. C.S.A. § 9545(b)(3).

Stanford proceeded to file a PCRA petition, which the PCRA court eventually granted in part, noting it was required to resentence Stanford without classification as an SVP pursuant to ***Commonwealth v. Butler***, 172 A.3d 1212 (Pa. Super. 2017). The court otherwise denied the petition. Stanford appealed the partial denial of the PCRA petition, electing to proceed *pro se*. This Court dismissed the appeal on the basis that it could not conduct any meaningful review given that Stanford's brief "consist[ed] of one, large, rambling argument section in which he makes incomprehensible claims." ***Commonwealth v. Stanford***, 1222 WDA 2019 (Pa. Super. filed May 4, 2020) (unpublished memorandum).[1]

---

[1] This Court also found the trial court was no longer required to hold a resentencing hearing, explaining:

> In light of our Supreme Court's recent decision in ***Commonwealth v. Butler***, [226 A.3d 972 (Pa. 2020)] (holding

*(Footnote Continued Next Page)*

Stanford filed several *pro se* filings, and the PCRA court construed Stanford's August 14, 2020, *pro se* filing as a second PCRA petition and dismissed it as untimely. This Court affirmed. **See Commonwealth v. Stanford**, 1072 WDA 2020 (Pa. Super. filed July 9, 2021) (unpublished memorandum).

On March 30, 2022, Stanford filed a *pro se* petition which the PCRA court deemed his third PCRA petition. The PCRA court appointed counsel: eventually, appointed counsel filed an application to withdraw and a **Turner/Finley** no-merit letter. The PCRA court granted counsel's application to withdraw.[2] It also notified Stanford that it intended to dismiss his PCRA petition without a hearing pursuant to Pa.R.A.P. 907. Stanford submitted a response, but the court ultimately denied his PCRA petition as untimely on August 16, 2023.

_____

that the "registration, notification, and counseling" requirements applicable to SVPs "does not constitute criminal punishment" and, as such, the "procedure for designating individuals as SVPs … remains constitutionally permissible"), which reversed this Court's ruling in **Commonwealth v. Butler**, 172 A.3d 1212 (Pa. Super. 2017), upon which [the PCRA court] relied [in finding resentencing necessary at the time it partially granted the PCRA petition], the PCRA [court] may choose not to proceed with [Stanford's] resentencing hearing.

**Stanford**, 1222 WDA 2019, at 2 n.4.

[2] Stanford does not challenge the PCRA court's granting of counsel's application to withdraw.

Stanford filed a *pro se* notice of appeal and the PCRA court ordered Stanford to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal. Stanford did file a statement, but the PCRA court found in its responsive opinion that the statement was defective and any issues raised therein were waived because the "statement on multiple occasions states 'errors of fact' but nowhere in the statement does [Stanford] lay out in sufficient detail the specific errors of fact." Findings of Fact and Memorandum of Law, 10/30/2023, at 1-2. In any event, the court rejected Stanford's apparent claims that he was entitled to a writ of coram nobis and found that his PCRA petition was untimely and Stanford had not proven any timeliness exception to the PCRA time bar.

Stanford appeals the PCRA court's dismissal of his petition and its finding that the petition was untimely. Unfortunately, Stanford's appellate brief suffers from similar defects as those in his initial brief in his appeal from the denial of his first PCRA petition; he once again presents a brief that is largely incomprehensible. He raises these three issues:

I.   Can a writ of coram nobis develop and correct the record where errors of fact used by the PCRA court will result in fraud in the inducement of premature dismissal under [Pa.R.Crim.P.] 907 used to impair how the PCRA forum is to develop[ ] evidentiary and material facts at issue necessary for litigation of issues at PCRA stage[?]

II.  Statutory provisions of 42 Pa. C.S.A. § 9545 (b)(1)(i) has been violated (per) fraud in the inducement of order dated 8/16/23 that relied on errors of fact to avoid implicating subject matter jurisdiction on the litigated issues moved

before the PCRA court in the writ of coram nobis dated 8/2/23[.]

III. PCRA counsel's own ineffectiveness per se actions only serves the adverse interests of the PCRA court where providing errors of fact assist in latent fraud in the inducement of [Pa.R.Crim.P.] 907 proceedings that prematurely dismiss the appellant's litigations[.]

Appellant's Brief at X (placement of Roman Numerals changed).

When a petitioner appeals from an order denying PCRA relief, as Stanford does here, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error. **See Commonwealth v. Abu-Jamal**, 833 A.2d 719, 723 (Pa. 2003).

In two of his three questions presented, Stanford alludes to a writ of coram nobis, which is a common law writ that allows a trial court to correct the record when facts are discovered that were unknown to the court at the time judgment was entered and those facts would have altered the judgment. **See Commonwealth v. Thomas**, 513 A.2d 473, 474 (Pa. Super. 1986). To the extent Stanford asserts he is entitled to relief in the form of a writ of coram nobis or that the PCRA court should have treated his petition as a writ of coram nobis instead of a PCRA petition, we see no error in the PCRA court's conclusion that any such claims are meritless.

As the PCRA court explained, where a petitioner's claim is cognizable under the PCRA, the PCRA is the sole means by which a petitioner may collaterally challenge their convictions. **See Commonwealth v. Descardes**, 136 A.3d 493, 501 (Pa. 2016). Here, while it is anything but clear what

Stanford is claiming, he alleges counsel was ineffective in the presentation of the "true facts," which is a cognizable claim under the PCRA. ***See id.*** (stating claims of ineffectiveness are cognizable under the PCRA). As such, the PCRA court properly treated Stanford's collateral petition as a PCRA petition and he must therefore meet the PCRA's requirements, including its timeliness requirements. ***See Commonwealth v. Fiore***, 665 A.2d 1185 (Pa. Super. 1995) (stating that petitioners may not use the extraordinary remedy of coram nobis as a way to circumvent the PCRA's requirements).

The timeliness of a PCRA petition implicates our jurisdiction and may not be disregarded in order to address the merits of a petition. ***See Abu-Jamal***, 833 A.2d at 723-724. A PCRA petition, including a second or subsequent one, must be filed within one year of the date that a petitioner's judgment of sentence became final. ***See*** 42 Pa. C.S.A. § 9545(b)(1). Here, Stanford's judgment of sentence became final in 2016 and this petition was not filed until 2022. It is therefore facially untimely.

However, this Court has jurisdiction to review a petition filed beyond the one-year time limit if the petitioner alleges and proves any one of the three statutory exceptions to the time bar. ***See*** 42 Pa. C.S.A. § 9545 (b)(1)(i)-(iii). Those timeliness exceptions include: the "government interference" exception, the "newly-discovered facts" exception, and the "retroactivity of a newly-recognized constitutional right" exception. ***See id***. A petition invoking

one of these exceptions must be filed within one year of the date the claim could have first been presented. **See** 42 Pa. C.S.A. § 9545(b)(2).

The only timeliness exception mentioned in Stanford's brief is the government interference exception. However, he completely fails to cogently explain how this exception applies to his case nor does he assert, much less establish, that he filed his petition within the one year prescribed by Section 9545(b)(2). We therefore agree with the PCRA court that Stanford has failed to prove that any of the PCRA's timeliness exceptions apply to this PCRA petition and, therefore, the petition is untimely.

Stanford seems to claim, however, that he is able to raise his claims of PCRA counsel's ineffectiveness, without coherently explaining what those claims are, in this appeal pursuant to **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021). There, the Supreme Court essentially held that a PCRA petitioner may raise claims of PCRA counsel's ineffectiveness after obtaining new counsel or acting *pro se* at the first opportunity to do so, even on appeal from an order denying a timely-filed PCRA petition. **See id.** at 401. The concurrence in **Bradley** emphasized that the decision in **Bradley** "does not create an exception to the PCRA's jurisdictional time-bar" or "sanction extra-statutory serial petitions." **Id.** at 406 (citation omitted).

The PCRA court noted that Stanford's **Bradley** claim failed for several reasons, including the fact that his petition had not been timely filed. As the PCRA court explained, **Bradley** did not create an exception to the PCRA's

jurisdictional time bar or excuse a petitioner from complying with the PCRA's timeliness requirements. We see no error in the PCRA court's conclusion that this claim does not offer Stanford any basis for relief. ***See Commonwealth v. Stahl***, 292 A.3d 1130, 1136 (Pa. Super. 2023) (stating that ***Bradley*** did not alter the PCRA's timeliness requirements or provide an exception to the jurisdictional time bar).

Based on the above, Stanford has failed to establish that the PCRA court erred by finding his PCRA petition was untimely filed. Accordingly, we affirm the PCRA court's order dismissing the petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/17/2024